■ Weston Associates, Inc., Appellant, v Niagara Properties, Inc., et al., Respondents.—Judgment unanimously affirmed, with costs. Memorandum: We agree with Special Term that defendants were entitled to summary judgment dismissing the complaint for breach of contract to sell real property because the contract was not "subscribed by the party to be charged, or by [its] lawful agent thereunto authorized by writing" (General Obligations Law § 5-703 [2]). The attorney for the seller corporation signed the contract, but he had no written authorization to sign; hence, the contract was not enforceable against the corporation *(see, Ochoa v Estate of Sarria,* 97 AD2d 538; *see also, Commission on Ecumenical Mission & Relations v Roger Gray, Ltd.,* 27 NY2d 457, 465). The note signed by Benjamin Gold, one of the stockholders of the corporation, was not an authorization by the corporation

for the attorney to sign the agreement. In the note, Benjamin Gold purported to express his own approval, not that of the corporation. Moreover, on its face, the note did not " 'contain express language conferring authority to execute a contract of sale' " *(Commission on Ecumenical Mission & Relations v Roger Gray, Ltd., supra,* at 465). The authority must appear by the writing without leaving it to be established by parol or inference *(Davis v Dunnet,* 239 NY 338, 340).

We reject plaintiff's contentions that the corporation effectively ratified the contract. An agent's acts that are not valid unless performed pursuant to writing can only be ratified in writing *(Newton v Bronson,* 13 NY 587; *Simmons v Westwood Apts. Co.,* 46 Misc 2d 1093, 1096, *affd* 26 AD2d 764, *lv denied* 18 NY2d 580, *appeal dismissed* 18 NY2d 786).

Lastly, plaintiff has failed to allege facts demonstrating either fraud or estoppel precluding the corporation from relying upon the Statute of Frauds. (Appeal from judgment of Supreme Court, Niagara County, Mintz, J.—summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.