■ CIPPITELLI BROTHERS TOWING AND COLLISION, INC., et al., Appellants, v SILVYA ROSENFELD, Individually and as Administratrix of the Estate of JOSEPH ROSENFELD, Deceased, et al., Respondents.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Santucci, J.), dated June 14, 1989, which granted the defendants' motion for summary judgment dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court, dated September 19, 1989, as, upon granting reargument, (a) adhered to the prior determination and (b) denied the plaintiffs leave to serve an amended complaint.

Ordered that the appeal from the order dated June 14, 1989, is dismissed, as that order was superseded by the order dated September 19, 1989, made upon reargument; and it is further,

Ordered that the order dated September 19, 1989, is affirmed insofar as appealed from, and it is further,

Ordered that the defendants are awarded one bill of costs.

By deed dated June 7, 1982, Silvya Rosenfeld, as president of Corlind Holding Corp., obtained title to the subject premises. On February 2, 1987, Joseph Rosenfeld (hereinafter the decedent), the husband of Silvya Rosenfeld, who was not an owner of the subject premises, contracted to sell it to the plaintiff Cippitelli Brothers Towing and Collision, Inc. (hereinafter Cippitelli Brothers). The contract was entered into without either party having the benefit of legal representation. On July 21, 1987, Joseph Rosenfeld died. By letter dated June 10, 1988, the plaintiffs attempted to set a date for closing of title to the property. However, Silvya Rosenfeld disclaimed any knowledge of the agreement and after receipt of a copy of the contract, she disavowed the contract. As a result, the plaintiffs commenced the instant action, *inter alia,* for specific performance.

The plaintiffs contend that the Supreme Court erred in granting summary judgment to Silvya Rosenfeld because she was equitably estopped from asserting the defense of the Statute of Frauds (*see,* General Obligations Law § 5-703 [2]). We disagree. The record clearly reflects that Silvya Rosenfeld was the owner of the subject premises at the time the decedent entered into the contract with Cippitelli Brothers and that she did not sign the contract. Since Silvya Rosenfeld, the party the plaintiffs seek to bind by the contract, did not sign a writing authorizing the decedent to sell her property, the contract is not enforceable against her (*see,* General Obligations Law § 5-703 [2]; *Weston Assocs. v Niagara Props.,* 130 AD2d 964; *Coppola v Fredstrom,* 45 AD2d 857).

Moreover, the only basis for the plaintiffs' contention that Silvya Rosenfeld was aware of the contract made by the decedent and Cippitelli Brothers is a letter dated May 20, 1987, from her attorney to a tenant, indicating that the subject premises was promised to "someone else". This letter is too vague to establish, as the plaintiffs suggest, that Silvya Rosenfeld knew of the contract of sale prior to receiving the plaintiffs' attorney's letter. In addition, there is no evidence in the record that Silvya Rosenfeld participated in the negotiations or transactions culminating in the contract of sale. Based upon the foregoing, Silvya Rosenfeld, the non-signing spouse, is not estopped from denying the authority of the decedent, the signing spouse, to execute the contract on her behalf nor is she estopped from asserting the Statute of Frauds (*cf., Jill Real Estate v Symles,* 150 AD2d 640, 642; *Farr*

*v Newman,* 18 AD2d 54, 60, *affd* 14 NY2d 183; *see, Michaels v Hartzell,* 73 AD2d 1056, 1057).

The plaintiffs contend that the Supreme Court erred in denying their motion for leave to amend the complaint. We disagree. Generally leave to amend the complaint is freely granted *(see,* CPLR 3025 [b]). However, the decision to grant or deny leave to amend is committed to the discretion of the Supreme Court *(see, Mayers v D'Agostino,* 58 NY2d 696). Where, as here, the plaintiffs' motion was submitted as part of their motion for reargument, the Supreme Court did not improvidently exercise its discretion in denying leave to amend the complaint. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.