GREAT EASTERN BANK, Respondent, v STEVEN H. CHANG et al., Defendants, and JANET CHANG, Appellant. [643 NYS2d 203] —In a mortgage foreclosure action, the defendant Janet Chang appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated January 12, 1995, which granted the plaintiff's motion, *inter alia,* for partial summary judgment.

Ordered that the order is affirmed, with costs.

Steven Chang and his brother Hsu Chang acquired a residential condominium unit, and a mortgage on the property was held by Long Island Savings Bank. Upon his death, Hsu's wife, the appellant, succeeded to his interest in the unit and thereby became an owner of the unit with Steven as tenants in common. Thereafter, without the knowledge or consent of the appellant, Steven obtained a mortgage on the property from the plaintiff, Great Eastern Bank. After Steven defaulted on the mortgage payments, the plaintiff brought this action to foreclose on the mortgage lien given by Steven and also on the equitable lien created when it satisfied the Long Island Savings Bank mortgage.

Where, as here, the funds of a mortgagee are used to discharge a prior lien upon the property of another, the doctrine of equitable subrogation applies to prevent unjust enrichment by subrogating the mortgagee to the position of the senior lienholder (*see, King v Pelkofski,* 20 NY2d 326, 333; *Wagner v Maenza,* 223 AD2d 640; *Zeidel v Dunne,* 215 AD2d 472; *Cohn v Rothman-Goodman Mgt. Corp.,* 155 AD2d 579, 580). The Supreme Court properly concluded that the mortgage to Long Island Savings Bank created a lien against the appellant's interest and Steven's interest in the condominium. Accordingly, the appellant and Steven were obligated to contribute equally to the repayment of the equitable lien.

The appellant's remaining contentions are without merit.
O'Brien, J. P., Santucci, Joy and Florio, JJ., concur.