■ Linda Crispino, Respondent, v Greenpoint Mortgage Corporation, Appellant, et al., Defendants. [758 NYS2d 367] —In an action, inter alia, to set aside a deed on the ground of forgery, the defendant Greenpoint Mortgage Corporation appeals, as limited by its brief, from stated portions of a partial judgment of the Supreme Court, Suffolk County (Seidell, J.), entered March 20, 2002, which, after a nonjury trial, and upon the denial of its motion pursuant to CPLR 4404 (b) to set aside a decision of the same court, dated September 6, 2001, among other things, cancelled its mortgage on the subject property, dismissed its counterclaim for equitable subrogation, and cancelled the notice of pendency.

Ordered that the partial judgment is affirmed insofar as appealed from, with costs.

The plaintiff, Linda Crispino, and her husband Louis Crispino owned a one-family residence in West Islip, New York, in fee as tenants by the entirety. On June 23, 1999, as apparent sole owner of the property, Mr. Crispino, who was a principal and the vice-president of the defendant Midlantic Mortgage Bank, formerly known as Royal Mortgage Bankers, Inc. (hereinafter Royal), executed and delivered a mortgage on the property to Royal in order to secure payment of a loan. The mortgage was simultaneously assigned by Royal to the defendant Greenpoint Mortgage Corporation (hereinafter Greenpoint), which purchased the loan at closing. Prior mortgages on the property on which the plaintiff was named a co-obligor were satisfied from the proceeds of the mortgage loan. Thereafter, a deed, dated June 23, 1999, purportedly conveying the plaintiff's interest in the property to her husband, was recorded in the office of the Suffolk County clerk.

In December 2000, after Mr. Crispino was admitted to the hospital, he informed the plaintiff that when he obtained the mortgage in June 1999 he took her name off the deed. In Janu-

ary 2001 Mr. Crispino died, and the plaintiff subsequently commenced this action, inter alia, to set aside the deed as a forgery. After a nonjury trial, the Supreme Court found that the deed was a forgery and, among other things, directed cancellation of the deed and the mortgage. Greenpoint then moved, inter alia, pursuant to CPLR 4404 (b), to set aside the decision on the ground that the plaintiff was estopped from challenging the validity of the mortgage, and "for a conclusion of law to the effect that Greenpoint is entitled to be subrogated to the rights of the holders of mortgages which were satisfied out of the loan proceeds." The Supreme Court denied both branches of the motion and entered partial judgment in favor of the plaintiff. We affirm.

Contrary to Greenpoint's contention, the Supreme Court properly concluded that the plaintiff was not estopped from challenging the validity of the mortgage; there is no proof that she consented to the encumbrance of her interest in the property by the mortgage (*see Cippitelli Bros. Towing & Collision v Rosenfeld,* 171 AD2d 637 [1991]; *cf. De Tata v Tress,* 4 AD2d 748 [1957], *appeal dismissed* 3 NY2d 920 [1957]). There is also no evidence that the plaintiff actively participated in the transaction or the negotiations pertaining to the subject mortgage (*see Cippitelli Bros. Towing & Collision v Rosenfeld, supra*; *Hartzell v Michaels,* 73 AD2d 1056 [1980]; *cf. Blechner v Pecoraro,* 164 AD2d 878 [1990]; *Jill Real Estate v Smyles,* 150 AD2d 640 [1989]). Moreover, Greenpoint concedes that the plaintiff's signature on the deed was forged by her husband, and there is no evidence that the plaintiff was aware of the forgery or ratified her husband's actions (*see Northgate Elec. Profit Sharing Plan v Hayes,* 210 AD2d 384 [1994]). Thus, the Supreme Court correctly set aside the deed and mortgage which were obtained under false pretenses (*see Lawriw v City of Rochester,* 14 AD2d 13 [1961], *affd* 11 NY2d 759 [1962]).

Greenpoint argues that it is entitled to be equitably subrogated to the rights of the prior mortgagees to prevent the plaintiff from being unjustly enriched by her husband's wrongdoing. However, as assignee of the mortgage, Greenpoint acquired no rights greater than those of the assignor, Royal, and took the assignment of the mortgage subject to all defenses and counterclaims which the plaintiff had against the assignor (*see State St. Bank & Trust Co. v Boayke,* 249 AD2d 535 [1998]; *Kelly v Lamontagne,* 71 AD2d 1016 [1979]; *Granick v Mobach,* 13 AD2d 534 [1961]). Since Royal participated in the forgery of the deed through its principal, Mr. Crispino, the doctrine of unclean hands would bar Royal from entitlement to equitable

subrogation (*see Kleeger v Kleeger,* 261 AD2d 587 [1999]). Hence, Greenpoint, which is subject to the same defense, is not entitled to be subrogated to the rights of the prior mortgagees. Accordingly, the Supreme Court properly dismissed Greenpoint's counterclaim based upon equitable subrogation. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.