■ Thomas P. Cashel, Respondent, v Francine Cashel, Defendant. (Action No. 1.) Thomas P. Cashel, Respondent, v Francine Cashel et al., Defendants, and Fremont Investment & Loan, Appellant. (Action No. 2.) Mortgage Electronic Registration Systems, Inc., Plaintiff, v Francine Parziane Cashel et al., Defendants. (Action No. 3.) [941 NYS2d 236]—

In three related actions, inter alia, for a divorce and ancillary relief (action No. 1), to set aside a deed on the ground of fraud (action No. 2), and to foreclose a mortgage (action No. 3), which were joined for trial, Fremont Investment & Loan, a defendant

in action No. 2, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Crecca, J.), dated March 4, 2011, as, (a) upon reargument and renewal, vacated the determination in an order dated April 17, 2009, denying those branches of the motion of Thomas P. Cashel, the plaintiff in action Nos. 1 and 2, which were for summary judgment on the fourth cause of action in action No. 1, declaring that a deed dated June 6, 2002, conveying title to certain real property from Thomas P. Cashel to Francine Cashel, a defendant in action Nos. 1, 2, and 3, is null and void, and on the first cause of action in action No. 2 insofar as asserted against it declaring that the deed is null and void and that all mortgages encumbering the real property that were executed on or after June 6, 2002, are cancelled as a lien against the real property, and thereupon granted those branches of the motion, (b) granted those branches of the motion of Thomas P. Cashel which were for summary judgment dismissing its third counterclaim and striking its second and fourth affirmative defenses in action No. 2, and thereupon directed the Clerk of the County of Suffolk to mark the deed dated June 6, 2002, void and of no further effect, and to accept a deed from Thomas P. Cashel to himself, confirming his ownership of the property as of June 6, 2002, and (c) denied that branch of its cross motion which was for summary judgment on its third counterclaim in action No. 2.

Ordered that the order dated March 4, 2011, is modified, on the law, (1) by deleting the provisions thereof, upon reargument and renewal, granting those branches of the motion of Thomas P. Cashel which were for summary judgment on the fourth cause of action in action No. 1 and the first cause of action in action No. 2 insofar as asserted against Fremont Investment & Loan, declaring that the deed dated June 6, 2002, is null and void, and substituting therefor a provision, upon reargument and renewal, adhering to the determination in the order dated April 17, 2009, denying those branches of the motion, (2) by deleting the provisions thereof, upon reargument and renewal, granting that branch of the motion of Thomas P. Cashel which was for summary judgment on the first cause of action in action No. 2 insofar as asserted against Fremont Investment & Loan declaring that all mortgages encumbering the real property that were executed on or after June 6, 2002, are cancelled as a lien against the real property, and substituting therefor a provision adhering to the determination in the order dated April 17, 2009, denying that branch of the motion, (3) by deleting the provisions thereof granting those branches of the motion of Thomas P. Cashel which were for summary judgment dismissing the third counterclaim and striking the second and fourth affirmative de-

fenses asserted by Fremont Investment & Loan in action No. 2, and substituting therefor a provision denying those branches of the motion, and (4) by deleting the provisions thereof directing the Clerk of the County of Suffolk to mark the deed dated June 6, 2002, void and of no further effect and to accept a deed from Thomas P. Cashel to himself confirming his ownership of the real property as of June 6, 2002; as so modified, the order dated March 4, 2011, is affirmed insofar as appealed from, with costs to the appellant.

Action No. 1 is an action for a divorce and ancillary relief, commenced by Thomas P. Cashel (hereinafter Thomas) against Francine Cashel (hereinafter Francine). Action No. 2 involves a parcel of real property located in Ronkonkoma (hereinafter the property). On June 6, 2002, a deed was executed conveying title to the property from Thomas to Francine (hereinafter the deed). The same day, Francine executed a mortgage on the property in order to secure a loan in the principal sum of $206,250 from Flagstar Bank (hereinafter the Flagstar mortgage loan). Francine then remitted a portion of the proceeds from the Flagstar mortgage loan to Thomas. Thomas alleged that, in June 2004, while preparing to file for divorce, he discovered that Francine fraudulently transferred the property and placed it in her name by forging his signature on the deed. In August 2004 Thomas filed a notice of pendency in connection with the property. Shortly thereafter, Francine executed a mortgage on the property in favor of Fremont Investment & Loan (hereinafter Fremont), a defendant in action No. 2, in the amount of $345,875 (hereinafter the Fremont mortgage loan). It is undisputed that, from the proceeds of the Fremont mortgage loan, the sum of $196,028 was allocated to satisfy the Flagstar mortgage loan.

In the fourth cause of action in action No. 1, Thomas sought a judgment declaring that the deed is null and void on the ground that Francine forged his signature thereon. In the first cause of action in action No. 2, Thomas similarly sought a judgment declaring that the deed is null and void as a forgery and that all mortgages encumbering the property that were executed on or after June 6, 2002—which included the mortgage given to Fremont to secure the Fremont mortgage loan—are cancelled as liens against the property.

Upon renewal and reargument, the Supreme Court erred in granting those branches of Thomas's motion which were for summary judgment on the fourth cause of action in action No. 1 declaring that the deed is null and void, and on the first cause of action in action No. 2 insofar as asserted against Fremont

declaring that the deed is null and void and that all mortgages encumbering the property that were executed on or after June 6, 2002, are cancelled as liens against the property. In support of his motion, Thomas submitted a transcript of Francine's deposition testimony, in which she testified that, with Thomas's authorization, she signed Thomas's name on the deed. Thus, Thomas made a prima facie showing of entitlement to judgment as a matter of law by establishing that the signature on the deed purporting to be his signature was inscribed by Francine (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Cruz v Cruz*, 37 AD3d 754, 754 [2007]). However, in opposition, Fremont raised a triable issue of fact as to whether Thomas ratified the deed, since there is evidence in the record indicating that Thomas may have had knowledge of the material facts concerning the forgery, and that he benefitted from the transaction (*see Standard Funding Corp. v Lewitt*, 89 NY2d 546, 552 [1997]; *Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 131 [1990]). We note that on a prior appeal in this case, the Court of Appeals reversed a decision and order of this Court and thereupon denied Fremont's motion for summary judgment, concluding that there were triable issues of fact "with respect to whether plaintiff Thomas P. Cashel possessed the requisite 'knowledge of material facts' concerning the allegedly binding deed," and explaining that it could not "conclude, as a matter of law, that [Thomas] ratified the deed" (*Cashel v Cashel*, 15 NY3d 794, 796 [2010] [citation omitted]). Similarly, on this appeal, there are triable issues of fact as to whether the deed was subject to ratification, and whether Thomas ratified the deed. Thus, the Supreme Court erred in concluding, as a matter of law, that the deed was not subject to ratification in the first instance. For the same reasons, the Supreme Court should have denied those branches of Thomas's motion which were for summary judgment striking Fremont's second affirmative defense in action No. 2, which alleged that Thomas consented to the conveyance and transfer of the property, and Fremont's fourth affirmative defense in action No. 2, which alleged that Thomas ratified the forgery and concomitant transfer of the property by accepting the benefits flowing therefrom.

The Supreme Court also erred in granting that branch of Thomas's motion which was for summary judgment dismissing Fremont's third counterclaim in action No. 2, in which Fremont alleged that, in the event that Thomas secured a judgment declaring that the deed is null and void and that the Fremont mortgage is cancelled, Fremont, pursuant to the doctrine of equitable subrogation, is entitled to a lien against the property to

the extent that any proceeds from the Fremont mortgage loan were used to satisfy the Flagstar mortgage loan.

The doctrine of equitable subrogation provides that "[w]here property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder" (*King v Pelkofski*, 20 NY2d 326, 333 [1967] [internal quotation marks omitted]). A claim for equitable subrogation "is one of the mechanisms by which the law of restitution and unjust enrichment will reallocate the burden of a given liability from one who has originally discharged it to another whom the law considers more appropriate to bear it" (Restatement [Third] of Restitution and Unjust Enrichment § 24, Comment *a*).

Thomas failed to establish his entitlement to judgment as a matter of law dismissing Fremont's third counterclaim in action No. 2. In his motion, Thomas argued, and the Supreme Court agreed, that the doctrine of equitable subrogation is inapplicable since Fremont did not discharge an obligation owed by Thomas in satisfying the Flagstar mortgage loan but, rather, discharged an obligation owed only by Francine. However, it is undisputed that Thomas authorized Francine, as his agent, to encumber the property by obtaining the Flagstar mortgage loan, and that Thomas received a portion of the proceeds from the loan. If Thomas ultimately prevails in voiding the deed and cancelling the Fremont mortgage, he would be the record owner of the property free and clear of the Flagstar mortgage loan, which he authorized and from which he received some of the proceeds. Therefore, under such circumstances, in order to prevent Thomas from becoming unjustly enriched, Fremont would be entitled to a lien in the sum of $196,028, representing the portion of the proceeds of the Fremont mortgage loan which were used to satisfy the Flagstar mortgage loan.

We note that the Supreme Court granted that branch of Thomas's motion which was for summary judgment dismissing Fremont's third counterclaim in action No. 2 on the additional ground that the doctrine of equitable subrogation was inapplicable since there were no liens senior to the Flagstar mortgage loan. However, the existence of a senior lien is not relevant to the relief sought by Fremont in its third counterclaim in action No. 2, since it is not thereby seeking to apply the doctrine for the purpose of obtaining priority over another lien (*see Great E. Bank v Chang*, 227 AD2d 589, 589 [1996]).

Additionally, Thomas contends that Fremont cannot invoke

the doctrine of equitable subrogation since Fremont has "unclean hands." However, Thomas failed to meet his burden of showing that Fremont " 'is guilty of immoral, unconscionable conduct' " (*Jara v Strong Steel Door, Inc.*, 58 AD3d 600, 602 [2009], quoting *Columbo v Columbo*, 50 AD3d 617, 619 [2008] [internal quotation marks omitted]; *see Fade v Pugliani/Fade*, 8 AD3d 612, 614 [2004]).

Thus, regardless of the sufficiency of Fremont's opposition papers, the Supreme Court should have denied that branch of Thomas's motion which was for summary judgment dismissing Fremont's third counterclaim in action No. 2 (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Finally, while Fremont asks this Court to grant that branch of its cross motion which was for summary judgment on its third counterclaim in action No. 2, it would be premature to grant that branch of the cross motion before the resolution of the causes of action seeking to declare that the deed is null and void and that the Fremont mortgage is cancelled (*see Scott v Doyle*, 12 Misc 3d 1163[A], 2006 NY Slip Op 51012[U] [2006]). Rivera, J.P., Chambers, Austin and Roman, JJ., concur.