In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendant AmTrust Bank appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered August 14, 2012, which denied its motion for summary judgment on its first and second counterclaims or on its third and fourth counterclaims.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellant’s motion *792 which was for summary judgment on its third counterclaim imposing an equitable lien in its favor against the subject premises, and substituting therefor a provision granting that branch of the motion to the extent of awarding summary judgment to the appellant imposing an equitable lien against the subject premises in its favor in the aggregate amount it paid to satisfy two prior mortgages on the subject premises that the plaintiff had given to Emigrant Mortgage Company, Inc.; as so modified, the order is affirmed, without costs or disbursements.
In 1970, the plaintiff acquired certain real property (hereinafter the subject property), located in Jamaica, Queens. In October 2005, the property was encumbered by two mortgages that the plaintiff had given to Emigrant Mortgage Company, Inc. (hereinafter Emigrant), securing loans in the amounts of $172,200 and $11,262, respectively (hereinafter the Emigrant mortgages). On October 31, 2005, the plaintiff conveyed the property to the defendant Jason Leslie. Leslie financed his purchase with two loans of $252,800 and $47,250 from the defendant AmTrust Bank, formerly known as Ohio Savings Bank (hereinafter AmTrust), each secured by a mortgage on the property (hereinafter together the Leslie mortgages). According to the settlement statement from the October 31, 2005, closing, proceeds of the Leslie loans totaling $190,817.39 were allocated to satisfy the Emigrant mortgages. Satisfactions of mortgage with respect to the Emigrant mortgages were issued by Emigrant on November 13, 2005, and December 11, 2005, respectively, and recorded on January 23, 2006. On October 30, 2006, Leslie conveyed the property to the defendant Sylvia Thompson, who financed the purchase with a loan of $375,000 from AmTrust, secured by a mortgage on the subject property (hereinafter the Thompson mortgage). According to the settlement statement from the October 30, 2006, closing, proceeds totaling $305,373.03 were allocated to satisfy the Leslie mortgages. After Thompson defaulted on her monthly payments, AmTrust commenced a related action to foreclose the Thompson mortgage and, on January 7, 2008, AmTrust obtained a judgment of foreclosure and sale. The plaintiff alleges that she was the owner of the subject property, and that she had no reason to believe otherwise until she received a letter notifying her of AmTrust’s judgment.
Thereafter, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title, seeking, among other things, a judgment declaring that the Leslie and Thompson deeds and mortgages are void, and that she was the sole owner of the property. The complaint alleged that Leslie, *793 Thompson, the defendant mortgage broker Sylvia Banks, and the defendant attorney Robin Gray acted together to fraudulently procure the plaintiffs deed to Leslie by misrepresenting that the plaintiff was simply refinancing her mortgages, when, in fact, she was conveying the property to Leslie.
In its answer, AmTrust asserted various counterclaims. In its first counterclaim, AmTrust sought the imposition of an equitable lien on the subject property in the amount of the proceeds of the Thompson mortgage that were allocated to satisfy the remaining balance on the Leslie mortgages and other liens on the property. In its second counterclaim, AmTrust alleged that, in the event that the plaintiff were ultimately successful in this action, it was entitled to a money judgment against the plaintiff in the principal amount of this lien, plus interest from the date of the Thompson loan on October 30, 2006.
In its third counterclaim, AmTrust alternatively sought the imposition of an equitable lien on the property in the amount of the proceeds of the Leslie loans that were allocated to satisfy the Emigrant mortgages and other liens on the property. In its fourth counterclaim, AmTrust alleged that, in the event that the plaintiff were ultimately successful in this action, it was entitled to a money judgment against the plaintiff in the principal amount of this lien, plus interest from the date of the Leslie loan on October 31, 2005.
Thereafter, AmTrust moved for summary judgment on its first and second counterclaims or on its third and fourth counterclaims. The Supreme Court denied AmTrust’s motion in its entirety.
Under the doctrine of equitable subrogation, where the “property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder” (King v Pelkofski, 20 NY2d 326, 333 [1967] [internal quotation marks omitted]). Here, AmTtrust established its prima facie entitlement to judgment as a matter of law on its third counterclaim insofar as it sought the imposition of an equitable lien on the property in the amount of the proceeds of the Leslie loans that were allocated to satisfy the Emigrant mortgages. Specifically, it is undisputed that the plaintiff gave two valid mortgages to Emigrant, and AmTrust submitted documentary evidence to prove that a portion of the proceeds of its loan to Leslie had satisfied the Emigrant mortgages. Such evidence included the certified HUD-1 settlement statement signed by both Leslie and *794 the plaintiff at the October 31, 2005, closing, and the subsequent recorded satisfactions of mortgage dated November 13, 2005, and December 11, 2005, respectively, certifying that the mortgages that the plaintiff gave to Emigrant in the principal amounts of $172,200 and $11,262 had been satisfied (see LaSalle Bank Natl. Assn. v Ally, 39 AD3d 597, 600 [2007]; Zeidel v Dunne, 215 AD2d 472, 474 [1995]).
In opposition to this showing, the plaintiff failed to raise a triable issue of fact. In particular, there is no indication that AmTrust was on notice of or participated in the alleged fraud by giving Leslie the mortgage loan (cf. Crispino v Greenpoint Mtge. Corp., 304 AD2d 608, 609 [2003]). Thus, even if the Thompson and Leslie deeds and mortgages are void, AmTrust would still be entitled to be equitably subrogated to Emigrant’s rights against the plaintiff to the extent that AmTrust’s funds were allocated to satisfy the Emigrant mortgages (see Cashel v Cashel, 94 AD3d 684, 687-688 [2012]; Bank of N.Y. v Spadafora, 92 AD3d 629, 631 [2012]; Federal Natl. Mtge. Assn. v Woodbury, 254 AD2d 182 [1998]).
However, there remain triable issues of fact with respect to whether AmTrust is entitled to the imposition of an equitable lien regarding the proceeds of the Leslie mortgage loan above and beyond those that were allocated to satisfy the Emigrant mortgages. In addition, inasmuch as AmTrust’s fourth counterclaim seeks a money judgment against the plaintiff on the basis of such lien in the event that the plaintiff is successful in this action, an award of summary judgment on this counterclaim is premature at this juncture. With respect to the first and second counterclaims, although AmTrust established its prima facie entitlement to the imposition of an equitable lien with respect to the remainder of the proceeds of the Leslie mortgage loans, the Supreme Court properly concluded that there are triable issues of fact that preclude summary judgment in favor of AmTrust on those counterclaims.
The plaintiffs contention relating to AmTrust’s alleged lack of standing to assert its counterclaims was waived by her failure to assert such a defense in her reply to the counterclaims or by way of a pre-reply motion to dismiss them (see JPMorgan Chase Bank, N.A. v Bauer, 92 AD3d 641, 642 [2012]; HSBC Bank USA, NA v Schwartz, 88 AD3d 961 [2011]; CitiMortgage, Inc. v Rosenthal, 88 AD3d 759, 761 [2011]).
The parties’ remaining contentions are without merit.
Skelos, J.E, Sgroi, Cohen and LaSalle, JJ., concur.