■ FIRST FRANKLIN FINANCIAL CORPORATION, Appellant, v ROBERT BENIAMINOV et al., Defendants, and BELLA BENIAMINOV, Also Known as BELLA A. BENIAMINOVA, Respondent. [42 NYS3d 46]—

In an action, inter alia, to foreclose a mortgage, the plaintiff

appeals from so much of an order of the Supreme Court, Queens County (Nahman, J.), entered June 27, 2014, as denied that branch of its motion which was for summary judgment on the cause of action for equitable subrogation insofar as asserted against the defendant Bella Beniaminov, also known as Bella A. Beniaminova.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff seeks to foreclose a mortgage in the principal amount of $600,000, which it alleges was secured by the residence of the defendants Robert Beniaminov and Bella Beniaminov, also known as Bella A. Beniaminova (hereinafter Bella), in Forest Hills, Queens. Bella contends that the mortgage at issue, which purported to refinance the existing mortgage on the property, was fraudulently obtained by a woman impersonating her, together with Robert. The plaintiff acknowledges that the mortgage was negotiated with Robert and the imposter. At the closing, the imposter forged Bella's signature on the refinancing loan documents, and an attorney for the plaintiff notarized the imposter's signature as Bella's signature on the mortgage document. A portion of the mortgage loan proceeds was used to pay off the existing mortgage on the property executed by Robert and Bella, and Robert and the imposter received a cash payout of almost $100,000. It is undisputed that the underlying loan, the note, and the mortgage securing the note arose out of fraud perpetrated by Robert and the imposter, who were subsequently investigated and criminally charged for their actions.

Insofar as relevant to this appeal, the plaintiff moved for summary judgment on the cause of action for equitable subrogation insofar as asserted against Bella. The Supreme Court denied that branch of the plaintiff's motion.

Under the doctrine of equitable subrogation, where the "property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lienholder" (*King v Pelkofski*, 20 NY2d 326, 333 [1967] [internal quotation marks omitted]). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on its equitable subrogation cause of action by submitting copies of the satisfaction of the prior mortgage and the payoff check made to the order of the prior mortgagee (*see Harris v Thompson*, 117 AD3d 791, 793-794 [2014]).

However, in opposition, Bella raised a triable issue of fact as to whether the plaintiff had actual knowledge of the fraud given that its attorney notarized the forged signature of the imposter (*see e.g. Cashel v Cashel*, 94 AD3d 684, 687 [2012]; *Crispino v Greenpoint Mtge. Corp.*, 304 AD2d 608, 609 [2003]; *cf. Harris v Thompson*, 117 AD3d at 794). The hearsay documents submitted by the plaintiff in reply failed to conclusively refute the material issue of fact raised by Bella.

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the cause of action for equitable subrogation insofar as asserted against Bella (*see e.g. Crispino v Greenpoint Mtge. Corp.*, 304 AD2d at 609-610). Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.