■ TRACY LUCIA, Appellant, v GEOFFREY S. GOLDMAN et al., Defendants, and JPMORGAN CHASE BANK, N.A., Respondent. [44 NYS3d 89]—

Appeal from a judgment of the Supreme Court, Dutchess County (Peter M. Forman, J.), entered September 3, 2014. The

judgment, insofar as appealed from, imposed equitable liens against the plaintiff's real property in favor of JPMorgan Chase Bank, N.A.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action alleging that the defendant Geoffrey S. Goldman fraudulently induced her to convey her property in foreclosure to him by promising to pay off her mortgage and apply the remainder of the purchase price to the purchase of another home for her, or toward her repurchase of the original property. To finance the transaction, Goldman obtained a mortgage loan from the defendant Washington Mutual Bank, FA, now known as JPMorgan Chase Bank, N.A. (hereinafter Chase). In this action, the plaintiff sought to set aside the conveyance to Goldman and to cancel the Chase mortgage on the ground that Chase had actual or constructive notice of violations by Goldman of Real Property Law § 265-a (the Home Equity Theft Prevention Act; hereinafter HETPA) in connection with the transaction. Goldman reconveyed the premises to the plaintiff by quitclaim deed and the plaintiff discontinued the action as against him and his company and released her claims against them. In an amended answer, Chase asserted a counterclaim seeking equitable subrogation, in the event its mortgage was cancelled, to the extent that the proceeds of its mortgage loan were used to satisfy the plaintiff's prior mortgage and it advanced sums for the payment of real estate taxes and insurance.

After a nonjury trial, the Supreme Court determined that Chase had constructive notice of Goldman's violations of HETPA and cancelled its mortgage. The court further determined that Chase was entitled to an equitable lien on the premises. The court stated that, although Chase failed to recognize certain warning signs at the closing, which would have led a reasonable, prudent lender to make further inquiry before proceeding with the transaction, Chase did nothing to actively facilitate Goldman's fraud, and the plaintiff would receive a windfall not anticipated or intended by HETPA if the Chase mortgage were cancelled without an equitable lien being imposed for the portion of that mortgage that was used to satisfy her existing mortgage and real property taxes at the time of the closing, plus the tax and insurance payments that Chase made while she continued to reside at the premises, with prejudgment interest. Judgment was entered cancelling the Chase mortgage and imposing equitable liens on the property in favor of Chase in the total sum of $1,535,129.95. The plaintiff appeals.

Under the doctrine of equitable subrogation, where the "property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lienholder" (*King v Pelkofski*, 20 NY2d 326, 333 [1967] [internal quotation marks omitted]; *see Harris v Thompson*, 117 AD3d 791, 793 [2014]; *Cashel v Cashel*, 94 AD3d 684, 688 [2012]). The plaintiff contends that the Supreme Court erred in awarding Chase equitable subrogation because, in light of the determination that it was not a bona fide encumbrancer for value, Chase should have been denied equitable subrogation under the doctrine of unclean hands (*see* Real Property Law § 265-a [2] [a]; *Crispino v Greenpoint Mtge. Corp.*, 304 AD2d 608 [2003]). We disagree. The doctrine of unclean hands applies when the offending party "is guilty of immoral, unconscionable conduct" directly related to the subject matter in litigation and which conduct injured the party seeking to invoke the doctrine (*Columbo v Columbo*, 50 AD3d 617, 619 [2008] [internal quotation marks omitted]; *see National Distillers & Chem. Corp. v Seyopp Corp.*, 17 NY2d 12, 15-16 [1966]; *Jiles v Archer*, 116 AD3d 664, 666 [2014]; *Jara v Strong Steel Door, Inc.*, 58 AD3d 600 [2009]). Here, although Chase was charged with knowledge of information which would have caused a prudent lender to inquire as to the circumstances of the transaction, the Supreme Court did not find that it had actual notice of the fraud or that it did anything to actively facilitate the fraud. There was no evidence that Chase "was a willing participant in a mortgage [rescue] scheme" (*Jiles v Archer*, 116 AD3d at 666). Accordingly, the plaintiff failed to show that Chase was guilty of immoral, unconscionable conduct, and the court properly imposed equitable liens against the premises for the portion of the Chase mortgage which was used to satisfy the plaintiff's prior mortgage and amounts advanced by Chase for the payment of real estate taxes and insurance (*see King v Pelkofski*, 20 NY2d at 333-334; *Jiles v Archer*, 116 AD3d at 666; *LaSalle Bank Natl. Assn. v Ally*, 39 AD3d 597, 600 [2007]; *cf. Crispino v Greenpoint Mtge. Corp.*, 304 AD2d 608 [2003]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Dickerson, Maltese and Duffy, JJ., concur.