Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff's motion for leave to amend the complaint was properly denied as barred by the doctrine of res judicata (see Matter of Hunter, 4 NY3d 260, 269 [2005]; Dolitsky's Dry Cleaners v YL Jericho Dry Cleaners, 203 AD2d 322, 322-323 [1994]).

However, the Supreme Court erred in granting the defendant's motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law dismissing the cause of action for the return of an engagement ring. Viewing the evidence in the light most favorable to the plaintiff, and resolving credibility issues in his favor, there was a rational process by which the trier of fact could find that, at a time that neither party was under an impediment to marry, the plaintiff gave the defendant the ring at issue in contemplation of a marriage which did not occur (see Lipschutz v Kiderman, 76 AD3d 178, 183 [2010]). As such, the cause of action for the return of the engagement ring should not have been dismissed. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.

■ CITIMORTGAGE, INC., as Successor by Merger with PRINCIPAL RESIDENTIAL MORTGAGE, INC., Respondent, v SYLVAIN CHOUEN, Appellant, et al., Defendants. [63 NYS3d 443]—

In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendant Sylvain Chouen ap-

peals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated December 4, 2014, as denied that branch of his motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him, and granted that branch of the plaintiff's cross motion which was for summary judgment declaring that the plaintiff is equitably subrogated to the first mortgage lien of Mortgage Electronic Registration Systems, Inc., as nominee for Homeside Lending, recorded against the subject property in August 1993, in the sum of $152,616.52 as of November 11, 2002.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff is equitably subrogated to the first mortgage lien of Mortgage Electronic Registration Systems, Inc., as nominee for Homeside Lending, recorded against the subject property in August 1993, in the sum of $152,616.52 as of November 11, 2002.

On November 11, 2002, the defendant Sylvain Chouen (hereinafter the defendant) executed a note in the sum of $175,000 which was secured by a mortgage on residential property given to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as a nominee for Principal Residential Mortgage, Inc. On that date, $152,616.52 of the proceeds of the loan were paid to MERS, as nominee for Homeside Lending, to satisfy a prior mortgage encumbering the property, which had been recorded against the property in August 1993. The November 11, 2002, mortgage was lost or destroyed, and consequently was never recorded.

In October 2011, the defendant filed a petition under chapter 7 of the United States Bankruptcy Code (11 USC § 701 *et seq.*), listing the plaintiff, the current holder of the November 11, 2002, note and mortgage, as a creditor holding a secured claim. On February 7, 2012, the defendant was granted a discharge under section 727 of the Bankruptcy Code, and the chapter 7 case was closed. Thereafter, the plaintiff commenced this action to quiet title to its mortgage interest in the subject property in the sum of $175,000, or alternatively, to be equitably subrogated to the first mortgage lien of MERS, as nominee for Homeside Lending, in the sum of $152,616.52 as of November 11, 2002. In the order appealed from, the Supreme Court denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him, and granted that branch of the plaintiff's

cross motion which was for summary judgment declaring that the plaintiff is equitably subrogated to the first mortgage lien of MERS, as nominee for Homeside Lending, recorded against the subject property in August 1993, in the sum of $152,616.52 as of November 11, 2002.

"Where, as here, the funds of a mortgagee are used to discharge a prior lien upon the property of another, the doctrine of equitable subrogation applies to prevent unjust enrichment by subrogating the mortgagee to the position of the senior lienholder" (*Great E. Bank v Chang*, 227 AD2d 589, 589 [1996]). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on its equitable subrogation cause of action (*see First Franklin Fin. Corp. v Beniaminov*, 144 AD3d 975, 976 [2016]; *Bank of N.Y. v Penalver*, 125 AD3d 795, 796 [2015]). In opposition, the defendant failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to the defendant's contention, the plaintiff's security interest in the subject property survived the defendant's discharge in bankruptcy. "Although a bankruptcy discharge extinguishes one mode of enforcing a note—namely, an action against the debtor in personam, it leaves intact another—namely, an action against the debtor in rem" (*Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 63 [2015]; *see Johnson v Home State Bank*, 501 US 78, 82-83 [1991]; *McArdle v McGregor*, 261 AD2d 591, 592 [1999]).

The defendant's remaining contention is without merit.

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him, and granted that branch of the plaintiff's cross motion which was for summary judgment declaring that the plaintiff is equitably subrogated to the first mortgage lien of MERS, as nominee for Homeside Lending, recorded against the subject property in August 1993, in the sum of $152,616.52 as of November 11, 2002.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiff is equitably subrogated to the first mortgage lien of Mortgage Electronic Registration Systems, Inc., as nominee for Homeside Lending, recorded against the subject property in August 1993, in the sum of $152,616.52 as of November 11, 2002 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Rivera, J.P., Hall, Roman and Christopher, JJ., concur.