Bright Stone Corp. v J&J Assoc. II, LLC (2018 NY Slip Op 03748)





Bright Stone Corp. v J&J Assoc. II, LLC


2018 NY Slip Op 03748


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


300339/15 6659A 6659

[*1] Bright Stone Corp., et al., Plaintiffs-Respondents,
v
J & J Associates II, LLC, also known as J & J II Associates, LLC, et al., Defendants-Appellants.


Reisman, Rubeo, McClure & Altman, LLP, Hawthorne (Mark I. Reisman of counsel), for appellants.
Ronald Paul Hart, P.C., New York (Ronald P. Hart of counsel), for respondents.



Amended order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered May 18, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for partial summary judgment on their claim for specific performance of a contract for the sale of commercial real property, and denied defendants' cross motion to dismiss all claims brought by plaintiff Zheng Kuan Gao and all claims against defendant Joann Montalbano, and to compel plaintiffs to comply with discovery, unanimously modified, on the law, to grant defendants' cross motion to the extent of dismissing the claims brought by plaintiff Gao and all claims as against Joann Montalbano, and otherwise affirmed, without costs. Appeal from the original order, same court and Justice, entered March 13, 2017, granting the same relief, unanimously dismissed, without costs, as superseded by the appeal from the amended order.
In May 2014, plaintiff Bright Stone and defendant J & J entered into a contract pursuant to which J & J agreed to sell certain commercial real property to Bright Stone for $3.3 million at a closing to take place on October 31, 2014. However, after signing the contract, defendant J & J's principal, defendant Montalbano, sought to cancel the contract and delay the closing. After numerous "time is of the essence" closing dates set by plaintiffs passed, Bright Stone and its principal, plaintiff Gao, brought this action.
Contrary to defendants' assertions, the contract was a valid and enforceable agreement (see Argent Acquisitions, LLC v First Church of Religious Science, 118 AD3d 441, 444 [1st Dept 2014]; Nesbitt v Penalver, 40 AD3d 596, 598 [2d Dept 2007]). Defendants failed to raise an issue of fact concerning the sufficiency of Gao's signature on the contract (see generally Simpson v Term Indus., 126 AD2d 484, 486 [1st Dept 1987]). Nor did defendants demonstrate that plaintiffs are not entitled to the equitable relief of specific performance based on the doctrine of unclean hands, since the alleged wrongdoing by plaintiffs did not directly relate to the subject matter in litigation or injure defendants (see Lucia v Goldman, 145 AD3d 767, 769 [2d Dept 2016]). Further, the court correctly determined that plaintiffs made a sufficient showing that Bright Stone was ready, willing and able to fulfill its contractual obligations (see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490 [2006]).
As for the cross motion, defendants demonstrated that no valid claim is stated against Joann Montalbano individually, as she was not a party to the contract, the contract was a valid and enforceable agreement, and there is no evidence to suggest that she lacked the authority to sell the property as a representative of J & J. Defendants also demonstrated, and plaintiffs do not dispute on appeal, that Zheng lacks the legal capacity to sue on the contract, since he is not a [*2]party to the contract or an intended third-party beneficiary (see generally State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434-435 [2000]; Edge Mgt. Consulting, Inc. v Blank, 25 AD3d 364, 368 [1st Dept 2006], appeal dismissed 7 NY3d 864 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK