Matter of Bowser (2018 NY Slip Op 08927)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Bowser

2018 NY Slip Op 08927

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-08797

[*1]In the Matter of James E. Bowser, deceased. Eboni Imhotep, respondent; Emigrant Bank, appellant. (File No. 1441/14)

Ganfer & Shore, LLP, New York, NY (Ira Brad Matetsky and Mark A. Berman of counsel), for appellant.
Salzman & Salzman, LLP, New York, NY (Robert M. Salzman of counsel), for respondent.

DECISION & ORDER
In a turnover proceeding pursuant to SCPA 2103, Emigrant Bank appeals from an order and decree (one paper) of the Surrogate's Court, Kings County (Margarita Lopez-Torres, S.), dated August 3, 2016. The order and decree granted the petitioner's motion for summary judgment on the petition, and deemed a deed dated July 16, 2008, and a mortgage recorded on August 8, 2008, to be void ab initio.
ORDERED that the order and decree is affirmed, with costs.
The decedent, who owned a parcel of real property in Brooklyn, died in 2006. In his will, the decedent left his estate equally to his son and to his daughter, Bernice Bowser. The decedent's son, who predeceased the decedent, was survived by three adult children. After the decedent died, Bernice Bowser executed a deed conveying the subject premises to herself as sole heir, obtained a loan secured by a mortgage on the premises from Emigrant Bank, and subsequently died. The petitioner, who was one of the children of the decedent's son, commenced the instant turnover proceeding, seeking to invalidate the deed and the mortgage. The Surrogate's Court granted the petitioner's motion for summary judgment on the petition, and deemed the deed and the mortgage to be void ab initio. Emigrant Bank appeals.
A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid (see Cruz v Cruz, 37 AD3d 754, 754; Crispino v Greenpoint Mtge. Corp., 304 AD2d 608, 608-609; Yin Wu v Wu, 288 AD2d 104, 105; Rosen v Rosen, 243 AD2d 618, 619; Filowick v Long, 201 AD2d 893). The petitioner demonstrated her entitlement to judgment as a matter of law by submitting evidence in support of her motion which demonstrated, prima facie, that the deed was obtained by false pretenses (see Cruz v Cruz, 37 AD3d at 754; Crispino v Greenpoint Mtge. Corp., 304 AD2d at 608-609). In opposition to the motion, Emigrant Bank failed to raise a triable issue of fact. Accordingly, we agree with the determination of the Surrogate's Court granting the petitioner's motion for summary judgment on the petition and deeming the deed and the mortgage void ab initio.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court