Lombard v Yacoob (2019 NY Slip Op 00427)





Lombard v Yacoob


2019 NY Slip Op 00427


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-07426
 (Index No. 36016/05)

[*1]Lucienne Lombard, plaintiff, 
v
Farhaad Yacoob, et al., defendants, Atara Hirsch-Twersky, respondent, HSBC Bank USA, N.A., etc., appellant.


Balfe & Holland, P.C., Melville, NY (Lee E. Riger of counsel), for appellant.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Matthew R. Jaeger of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendant HSBC Bank USA, N.A., appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated May 12, 2016. The order, insofar as appealed from, upon granting that branch of the motion of the defendant HSBC Bank USA, N.A., which was for summary judgment on its counterclaim to the extent of awarding it an equitable lien on the subject premises, in effect, denied that branch of the motion of the defendant HSBC Bank USA, N.A., which was for summary judgment on its counterclaim to impose an equitable lien on the subject premises in the sum of $207,566.25 as of January 26, 2004.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant HSBC Bank USA, N.A,, which was for summary judgment on its counterclaim to impose an equitable lien on the subject premises in the sum of $207,566.25 as of January 26, 2004, is granted.
The plaintiff owned and occupied a house located in Brooklyn (hereinafter the premises). Prior to January 26, 2004, the premises were encumbered by a mortgage that the plaintiff had given to Ocwen Federal Bank, FSB (hereinafter Ocwen), to secure a loan (hereinafter the Ocwen mortgage). On January 26, 2004, the plaintiff conveyed the premises to the defendant Farhaad Yacoob. The defendant Berkshire Financial Group, Inc. (hereinafter Berkshire), loaned $348,500 (hereinafter the Berkshire loan) to Yacoob to finance the purchase. The loan was secured by a mortgage on the premises (hereinafter the Berkshire mortgage). According to the settlement statement from the January 26, 2004, closing (hereinafter the closing), proceeds of the Berkshire loan totaling $207,566.25 were allocated to satisfy the plaintiff's mortgage obligation to Ocwen.
On February 15, 2005, Yacoob refinanced the premises with a loan from Finance America, LLC (hereinafter FA), the proceeds of which were used to satisfy the balance of the Berkshire mortgage. The FA loan was secured by a new mortgage (hereinafter the FA mortgage) against the premises. On July 30, 2005, the FA mortgage was assigned to the appellant, HSBC Bank USA, N.A. (hereinafter HSBC).
In November 2005, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title, seeking, among other things, a judgment declaring that the deed transferring title to Yacoob, and the mortgages executed by Yacoob, were void, and that the plaintiff was the sole owner of the premises. The complaint alleged that Yacoob, his wife, the defendant Nadia Yacoob, and the plaintiff's mortgage broker acted together with others named as defendants to fraudulently procure the plaintiff's premises by misrepresenting to the plaintiff that the plaintiff was simply refinancing the Ocwen mortgage, when, in fact, the plaintiff was conveying the premises to Yacoob. By the time HSBC was added as a defendant in the plaintiff's third verified amended complaint, the plaintiff had already been granted the relief she sought in an order of the Supreme Court, Kings County (Diana A. Johnson, J.), entered March 22, 2007. The order granted the plaintiff's motion for leave to enter a default judgment, in effect, declaring, inter alia, that the deed transferring title to Yacoob and the Berkshire mortgage were null and void.
In its answer, HSBC asserted a counterclaim, inter alia, to impose an equitable lien on the premises in the sum of $207,566.25, which represented the proceeds of the Berkshire mortgage that were allocated to satisfy the plaintiff's mortgage obligation to Ocwen. HSBC moved, among other things, for summary judgment on its counterclaim. The motion was opposed, in part, by the defendant Atara Hirsch-Twersky (hereinafter the respondent), who served as both the attorney for Berkshire at the closing and the closing agent for the closing. The Supreme Court, upon granting that branch of HSBC's motion which was for summary judgment on its counterclaim to the extent of imposing an equitable lien on the premises, in effect, denied that branch of its motion which was for summary judgment on its counterclaim to impose an equitable lien on the premises in the sum of $207,566.25 as of January 26, 2004. On appeal, HSBC contends that it was entitled to an equitable lien on the premises in the sum of $207,566.25. We agree.
Under the doctrine of equitable subrogation, where the "premises of one person is used in discharging an obligation owed by another or a lien upon the premises of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder" (King v Pelkofski, 20 NY2d 326, 333 [internal quotation marks omitted]; see Lucia v Goldman, 145 AD3d 767, 769; First Franklin Fin. Corp. v Beniaminov, 144 AD3d 975, 976; Harris v Thompson, 117 AD3d 791, 793).
Here, HSBC established its prima facie entitlement to judgment as a matter of law on its counterclaim by submitting copies of the HUD-1 settlement statement, signed by Yacoob and the plaintiff at the closing, indicating that $207,566.25 of the Berkshire loan proceeds had been allocated to satisfy the plaintiff's mortgage obligation to Ocwen, the satisfaction of mortgage establishing that the FA loan proceeds, obtained from Yacoob's subsequent refinance, were used to satisfy the remaining balance of the Berkshire mortgage, and the assignment of mortgage showing that the FA mortgage was assigned to HSBC on July 30, 2005 (see First Franklin Fin. Corp. v Benjaminov, 144 AD3d at 976; Harris v Thompson, 117 AD3d at 793-794). These submissions established that HSBC, as assignee of the FA mortgage, which secured the loan proceeds used to satisfy the Berkshire mortgage, which secured the loan proceeds used to satisfy the plaintiff's mortgage obligation to Ocwen, was entitled to be put in the place of Ocwen as holder of the mortgage lien in the sum of $207,566.25 (see King v Pelkofski, 20 NY2d at 333; Lucia v Goldman, 145 AD3d at 769; First Franklin Fin. Corp. v Beniaminov, 144 AD3d at 976; Harris v Thompson, 117 AD3d at 793).
In opposition, the respondent, who was the sole defendant to answer the complaint and to oppose HSBC's motion, failed to raise a triable issue of fact with regard to the sum of the lien that should be awarded to HSBC. Accordingly, even though the deed and the Berkshire and FA mortgages are void, HSBC is still entitled to be equitably subrogated to Ocwen's rights against the plaintiff to the extent that $207,566.25 of the funds of its predecessors in interest were allocated to satisfy the plaintiff's mortgage obligation to Ocwen.
The respondent's remaining contention is without merit.
Accordingly, the Supreme Court should have granted that branch of HSBC's motion which was for summary judgment on its counterclaim for an equitable lien on the subject premises in the sum of $207,566.25 as of January 26, 2004.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court