Wells Fargo Bank, N.A. v Dalfin (2019 NY Slip Op 01255)





Wells Fargo Bank, N.A. v Dalfin


2019 NY Slip Op 01255


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-05511
2016-09258
 (Index No. 4095/14)

[*1]Wells Fargo Bank, N.A., etc., respondent-appellant,
v
Tzilia Dalfin, et al., defendants, Angel E. Dalfin, appellant-respondent.


The Silber Law Firm, LLC, New York, NY (Meyer Y. Silber of counsel), for appellant-respondent.
McLaughlin & Stern, LLP, Great Neck, NY (Todd Harris Hesekiel and Benjamin S. Kaplan of counsel), for respondent-appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Angel E. Dalfin appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated February 17, 2016, and an order of the same court dated August 2, 2016, and the plaintiff cross-appeals from the order dated February 17, 2016. The order dated February 17, 2016, insofar as appealed from, denied the cross motion of the defendant Angel E. Dalfin to discharge the subject mortgage or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against him. The order dated August 2, 2016, insofar as appealed from, upon reargument, in effect, vacated an original determination in the order dated February 17, 2016, denying the plaintiff's prior motion for summary judgment to the extent that the plaintiff sought to recover against the defendant Angel E. Daffin the amount of the previous liens paid off by the plaintiff, and thereupon, in effect, granted that branch of the plaintiff's prior motion.
ORDERED that the cross appeal is dismissed as abandoned; and it is further,
ORDERED that the orders are affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2014, the plaintiff commenced this action to foreclose a mortgage in the principal amount of $480,000, which it alleged was secured by real property in Brooklyn, owned by the defendants Tzilia Dalfin (hereinafter Tzilia) and Angel E. Daflin (hereinafter Angel), who have been divorced since the 1990s. It is undisputed that $453,900.03 of the proceeds of the mortgage were used to pay off Tzilia and Angel's prior mortgage on the property as well as outstanding taxes.
The plaintiff moved, inter alia, for summary judgment on the complaint and Angel cross-moved to discharge the mortgage or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against him, contending that his signature on the subject mortgage was [*2]forged. In opposition to Angel's cross motion, the plaintiff asserted that even if Angel were not liable for the full mortgage loan, he received the benefit of $453,900.03, and, therefore, would be responsible to the plaintiff for that amount on a theory of equitable subrogation. In an order dated February 17, 2016, the Supreme Court denied the motion and the cross motion. The plaintiff then moved for leave to reargue its prior motion, inter alia, for summary judgment, arguing that it was entitled to partial summary judgment against Angel on a theory of equitable subrogation. In an order dated August 2, 2016, the court granted reargument and, thereupon, among other things, granted the plaintiff's motion for summary judgment to the extent that the plaintiff sought to recover against Angel the amount of the previous liens paid off by the plaintiff. Angel appeals from so much of the order dated February 17, 2016, as denied his cross motion and from so much of the order dated August 2, 2016, as awarded summary judgment to the plaintiff on a theory of equitable subrogation. The plaintiff cross-appeals from the order dated February 17, 2016.
The cross appeal must be dismissed as abandoned, as the plaintiff's brief does not request reversal of any portion of the order from which the cross appeal was taken (see Swift v Broadway Neon Sign Corp., 137 AD3d 893, 894; Sirma v Beach, 59 AD3d 611, 614).
Under the doctrine of equitable subrogation, "[w]here property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder" (King v Pelkofski, 20 NY2d 326, 333 [internal quotation marks omitted]; see Lucia v Goldman, 145 AD3d 767, 769; First Franklin Fin. Corp. v Beniaminov, 144 AD3d 975, 976). Even if, as Angel contends, his signature on the subject mortgage was forged, the plaintiff could still recover against him on the theory of equitable subrogation based upon its payoff of the prior mortgage and liens against his property at the closing of the subject mortgage (see Federal Natl. Mtge. Assn. v Woodbury, 254 AD2d 182; see also Bank of N.Y. v Spadafora, 92 AD3d 629, 630-631).
We agree with the Supreme Court that the plaintiff established its prima facie entitlement to judgment as a matter of law on a theory of equitable subrogation by submitting evidence that $453,900.03 of the proceeds of the subject mortgage were used to pay off the prior mortgage and taxes for which Angel was liable (see Citimortgage, Inc. v Chouen, 154 AD3d 914, 915; Bank of N.Y. v Penalver, 125 AD3d 795, 796; LaSalle Bank Natl. Assn. v Ally, 39 AD3d 597, 600; Great E. Bank v Chang, 227 AD2d 589, 589). In opposition, Angel failed to raise a triable issue of fact as to whether the plaintiff actively engaged in any fraud, had actual notice of any fraud, or had unclean hands (see Lucia v Goldman, 145 AD3d at 769; see also Cashel v Cashel, 94 AD3d 684, 688; cf. First Franklin Fin. Corp. v Beniaminov, 144 AD3d at 977; Crispino v Greenpoint Mtge. Corp., 304 AD2d 608, 609-610).
Angel's remaining contentions are without merit.
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court