BANK OF AMERICA, N.A., as Trustee of the Trust under the Will of EDITH QUIRK, Respondent, v 414 MIDLAND AVENUE ASSOCIATES, LLC, et al., Appellants, et al., Defendants. [911 NYS2d 157]—

In an action to quiet title to the plaintiff's alleged one-third interest in certain real property, to be restored to possession of the property, and for damages, the defendants 414 Midland Avenue Associates, LLC, and Provident Bank appeal from stated portions of an order of the Supreme Court, Westchester County (Smith, J.), dated July 16, 2009, which, inter alia, granted those branches of the plaintiff's motion pursuant to CPLR 3211 (b) which were to dismiss their affirmative defenses of ouster, adverse possession, failure to state a cause of action, a defense

founded on documentary evidence, the statute of limitations, laches, waiver, estoppel, unclean hands, and culpable conduct on the part of the plaintiff, and so much of their first counterclaim as asserted that the plaintiff's interest in the property was extinguished by ouster, the statute of limitations, estoppel, and laches.

Ordered that the order is affirmed insofar as appealed from, with costs.

At issue in this case is whether the appellant 414 Midland Avenue Associates, LLC (hereinafter the LLC), holds a two-thirds interest in the subject property, with the plaintiff, Bank of America, N.A. (hereinafter the trustee), holding the remaining one-third interest. In its complaint, the trustee alleges, inter alia, that it administers a trust created during the life of Edith Quirk, who died on October 27, 1997. Edith Quirk had acquired a one-third undivided interest in the subject property upon the death of her husband, John P. Quirk, in 1995. At that time, Leslie P. Quirk was the owner of an undivided two-thirds interest. In his will, Leslie P. Quirk bequeathed his interest in equal shares to the defendants Corey Kupersmith and Kenneth Kupersmith. By deed dated May 26, 1996, recorded June 11, 1996 (hereinafter the Kupersmith deed), Corey Kupersmith, as executor of Leslie P. Quirk's estate, conveyed Leslie P. Quirk's interest to himself and his brother Kenneth Kupersmith. The Kupersmith deed stated that "ALL" of the property was being conveyed. In 2007, Kenneth Kupersmith executed a quitclaim deed releasing any interest he had to Corey Kupersmith. In 2008, Corey Kupersmith purported to convey the entire subject property to the LLC, which took out a first mortgage in the principal sum of $840,000 and a second mortgage in the sum of $280,000 from the appellant Provident Bank.

On December 2, 2008, the trustee commenced this action, inter alia, to quiet title to its alleged one-third interest in the subject property. In their answer, the appellants asserted affirmative defenses including ouster, adverse possession, failure to state a cause of action, a defense founded on documentary evidence, the statute of limitations, laches, waiver, estoppel, unclean hands, and culpable conduct on the part of the trustee. In their first counterclaim, they seek a judgment declaring that the LLC is the owner of the complete fee interest on the grounds, among other things, that the LLC is a bona fide purchaser for value, the trustee was effectively ousted from the subject property by the Kupersmith deed, and the trustee's interest was extinguished by the applicable 10-year statute of limitations, equitable estoppel, and laches. In their second

counterclaim pursuant to RPAPL article 15, they seek a judgment quieting title and declaring any interest of the trustee to be void on the ground that the LLC is a bona fide purchaser for value. In support of their counterclaims, the appellants allege that the trustee had constructive notice of its ouster on June 11, 1996, when the Kupersmith deed was recorded, and inquiry notice of the ouster on October 27, 1997, when Edith Quirk died and the property passed to the trust, for which the trustee had a duty to account. They further allege that the trustee had actual notice of the ouster in 2001, when the trustee's attorney became aware of a chain of title containing the Kupersmith deed, yet waited until 2008 to commence this action to quiet title.

The trustee moved to dismiss the affirmative defenses and counterclaims, contending that as a matter of law, the Kupersmith deed did not constitute an ouster because there was no change in possession after that deed was recorded. The Supreme Court, in the order appealed from, inter alia, dismissed the affirmative defenses of ouster, adverse possession, failure to state a cause of action, a defense founded on documentary evidence, the statute of limitations, laches, waiver, estoppel, unclean hands, and culpable conduct on the part of the trustee, and so much of the first counterclaim as asserted that the trustee's interest in the property was extinguished by ouster, the statute of limitations, estoppel, and laches. That branch of the trustee's motion which sought dismissal of the second counterclaim alleging that the LLC is a bona fide purchaser for value was denied, and that determination is not challenged on appeal.

In determining a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7), or, as in this case, a counterclaim, the pleading is afforded a liberal construction, the facts alleged are accepted as true, and the proponent of the pleading is accorded the benefit of every favorable inference (*see* CPLR 3026; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Cayuga Partners v 150 Grand*, 305 AD2d 527 [2003]). Those branches of the trustee's motion which were to dismiss the affirmative defenses were governed by CPLR 3211 (b), which authorizes a plaintiff to make such a motion on grounds that "a defense is not stated or has no merit." The motion is granted if the plaintiff can demonstrate that the "defenses are without merit as a matter of law because they either do not apply under the factual circumstances of [the] case, or fail to state a defense" (*Tenore v Kantrowitz, Goldhamer & Graifman, P.C.*, 76 AD3d 556, 557-558 [2010]). On a motion pursuant to CPLR 3211 (b), the court should apply the same standard as it applies to motions to

dismiss pursuant to CPLR 3211 (a) (7), and the factual assertions will be accepted as true (*see* Siegel, NY Prac § 269, at 449 [4th ed]; *Greco v Christoffersen*, 70 AD3d 769, 771 [2010]). Here, accepting the appellants' allegations as true, the Supreme Court properly dismissed the aforesaid affirmative defenses and so much of their first counterclaim· as asserted that the trustee's interest in the property was extinguished by ouster, the statute of limitations, estoppel, and laches.

"Where parties hold property as tenants in common, Real Property Actions and Proceedings Law § 541 creates a statutory presumption that a tenant in common in possession holds the property for the benefit of the cotenant" (*Russo Realty Corp. v Orlando*, 30 AD3d 499, 500 [2006]; *see* RPAPL 541). "The presumption ceases only after the expiration of 10 years exclusive occupancy of such tenant or upon ouster" (*Pravato v M.E.F. Bldrs.*, 217 AD2d 654, 655 [1995]). "Although actual ouster usually requires a possessing cotenant to expressly communicate an intention to exclude or to deny the rights of cotenants, the common law also recognizes the existence of implied ouster in cases where the acts of the possessing cotenant are so openly hostile that the nonpossessing cotenants can be presumed to know that the property is being adversely possessed against them" (*Myers v Bartholomew*, 91 NY2d 630, 633 [1998]). The mere recording of a deed, without any change in possession or notice to the allegedly ousted cotenant, does not constitute an ouster (*see Culver v Rhodes*, 87 NY 348, 353 [1882]; *Goodwin v Nixon*, 15 Misc 3d 1142[A], 2007 NY Slip Op 51111[U] [2007]; *Matter of Nazarro*, 7 Misc 3d 1001[A], 2005 NY Slip Op 50396[U] [2005]; *cf. Pravato v M.E.F. Bldrs.*, 217 AD2d at 655). Title by adverse possession is acquired when possession is hostile and under claim of right, actual, open and notorious, exclusive, and continuous for the statutory period of 10 years after ouster (*see Walling v Przybylo*, 7 NY3d 228, 232 [2006]).

Here, contrary to the appellants' contention, the mere recording of the Kupersmith deed on June 11, 1996, did not constitute an ouster of the trustee, since no change in possession of the property was alleged. The trustee's first actual notice of the conveyance allegedly occurred in 2001. The trustee commenced this action in 2008, within the 10-year statutory limitations period (*see* CPLR 212 [a]; RPAPL 501). The appellants, therefore, failed to adequately allege the defenses of ouster, adverse possession, and statute of limitations and so much of their first counterclaim as asserted that the plaintiff's interest in the property was extinguished by ouster and the statute of limitations.

Where an owner knows of a defect in title and fails to address

it, laches does not apply unless the facts are sufficient to constitute equitable estoppel (*see Kraker v Roll*, 100 AD2d 424, 433 [1984]; *Washington Temple Church of God in Christ, Inc. v Global Props. & Assoc., Inc.*, 15 Misc 3d 1142[A], 2007 NY Slip Op 51114[U] [2007], *affd* 55 AD3d 727 [2008]). Equitable estoppel arises when a property owner stands by without objection while an opposing party asserts an ownership interest in the property and incurs expense in reliance on that belief (*see Andrews v Cohen*, 221 NY 148, 153 [1917]). The property owner must "inexcusably" delay in asserting a claim to the property, knowing that "the opposing party has changed his position to his irreversible detriment" (*Orange & Rockland Utils. v Philwold Estates*, 70 AD2d 338, 343 [1979], *mod on other grounds* 52 NY2d 253 [1981]).

Here, the appellants alleged that, in 2008, Corey Kupersmith conveyed the entire subject property to the LLC. However, they made no allegation that the trustee knew of this conveyance but did nothing. In addition, the appellants do not make any further allegations concerning the trustee's conduct in support of their affirmative defense of waiver, defined as the voluntary and intentional abandonment of a known right which may not be inferred from mere silence or inaction (*see e.g. Golfo v Kycia Assoc., Inc.*, 45 AD3d 531, 532-533 [2007]), or their affirmative defenses of unclean hands and culpable conduct. Accordingly, the appellants failed to adequately allege the affirmative defenses of equitable estoppel, laches, waiver, unclean hands, and culpable conduct, and so much of their first counterclaim as asserted that the plaintiff's interest in the property was extinguished by estoppel and laches (*see Tenore v Kantrowitz, Goldhamer & Graifman, P.C.*, 76 AD3d 556 [2010]).

The appellants contend that discovery may reveal facts now unknown to them which would allow them to plead new facts in support of the legal conclusions they assert. However, where affirmative defenses "merely plead conclusions of law without any supporting facts," the affirmative defenses should be dismissed pursuant to CPLR 3211 (b) (*Fireman's Fund Ins. Co. v Farrell*, 57 AD3d 721, 723 [2008]).

The appellants' remaining contentions are without merit or need not be addressed in light of our determination. Dillon, J.P., Florio, Angiolillo and Dickerson, JJ., concur.