■ BANK OF NEW YORK, on Behalf of the Certificate Holders, CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-7, Respondent, v JEAN PENALVER et al., Defendants, and JOSHUA NESBITT, Appellant. [1 NYS3d 825]—

In an action to foreclose a mortgage, the defendant Joshua Nesbitt appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated October 17, 2013, which granted the plaintiff's motion, in effect, inter alia, pursuant to CPLR 3211 (a) (7) and CPLR 3211 (b) to dismiss his answer, affirmative defenses, and counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were to dismiss the answer, and the first and third affirmative defenses, and substituting therefor a provision denying those branches of the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements.

Pursuant to CPLR 3211 (b), "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit." When moving to dismiss an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is "without merit as a matter of law" (*Vita v New York Waste Servs., LLC*, 34 AD3d 559, 559 [2006]; *see Ramanathan v Aharon*, 109 AD3d 529, 531 [2013]). "In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference" (*Fireman's Fund Ins. Co. v Farrell*, 57 AD3d 721, 723 [2008]; *see Mazzei v Kyriacou*, 98 AD3d 1088, 1089 [2012]). Here, the Supreme Court should not have granted those branches of the plaintiff's motion which were to dismiss the appellant's first and third affirmative defenses, as it cannot be said at this point that those defenses were without merit (*see* CPLR 3211 [b]; *Ramanathan v Aharon*, 109 AD3d at 531). Similarly the drastic remedy of dismissal of the appellant's answer was not warranted (*cf.* CPLR 3216).

The appellant's remaining contentions are without merit (*see* CPLR 3211 [a] [7]; [b]). Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.