(February 18, 2015)

■ BANK OF NEW YORK, on Behalf of the Certificate Holders, CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-7, Respondent, v JEAN PENALVER et al., Defendants, and JOSHUA NESBITT, Appellant. [1 NYS3d 835]—

In an action to foreclose a mortgage, the defendant Joshua Nesbitt appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Minardo, J.), entered September 20, 2012, which granted those branches of the plaintiff's motion which were for summary judgment declaring that the plaintiff is equitably subrogated to the rights of a prior mortgagee, has an equitable first mortgage on the subject property in the principal sum of $109,237.57, and has an equitable first lien on the property in the principal sum of $30,179.48, and thereupon made the declaration.

Ordered that the order and judgment is affirmed, with costs.

The doctrine of equitable subrogation "is broad enough to include every instance in which one party pays a debt for which another is primarily answerable and which in equity and good conscience should have been discharged by the latter, so long as the payment was made either under compulsion or for the protection of some interest of the party making the payment, and in discharge of an existing liability" (*Gerseta Corp. v Equitable Trust Co. of N.Y.*, 241 NY 418, 425-426 [1926]; *see Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 105-106 [2009]).

Here, the documentary evidence submitted by the plaintiff on its motion for summary judgment established that, of the mortgage proceeds it loaned to the defendants Jean Penalver and Joshua Nesbitt in 2007, the sum of $109,237.57 was allocated to satisfy an existing mortgage upon the subject real property (*see LaSalle Bank Natl. Assn. v Ally*, 39 AD3d 597, 600-601 [2007]; *Federal Natl. Mtge. Assn. v Woodbury*, 254 AD2d 182 [1998]; *Zeidel v Dunne*, 215 AD2d 472, 474 [1995]). In opposition, the defendant Joshua Nesbitt failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment declaring that the plaintiff has an equitable first mortgage on the property in the principal sum of $109,237.57.

Nesbitt's remaining contentions are without merit. Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.