■ BAYVIEW LOAN SERVICING, LLC, Appellant, v WINSTON WHITE, Respondent, et al., Defendants. [24 NYS3d 310]—

In an action pursuant to RPAPL article 15 to quiet title to real property and for declaratory relief, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated June 12, 2014, as granted those branches of the motion of the defendant Winston White which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Winston White which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action insofar as asserted against him are denied.

The real property that is the subject of this action was owned by the defendants Reginald White and Winston White as tenants-in-common, with each holding a 50% interest in the property. In a deed dated March 30, 2006, executed by Reginald, he purported to convey the entire property to the defendant 1070 Park Place, LLC (hereinafter Park), a company of which Reginald was a principal. On or about December 14, 2007, as security for a loan given by InterBay Funding, LLC (hereinafter InterBay), to Park, Park gave InterBay a mortgage purporting to encumber the entire property. This mortgage was later assigned to the plaintiff.

In March 2008, Winston commenced an action against Reginald and Park, inter alia, to partition the subject property (hereinafter the partition action). Neither InterBay nor the plaintiff was named as a party in the partition action, and no notice of pendency was filed with respect to the property in the partition action. Reginald and Park failed to appear in the partition action, and in a default judgment dated February 9, 2009, the Supreme Court, inter alia, declared that the conveyance of the property from Reginald to Park by deed dated December 14, 2007, was void ab initio.

In 2013, the plaintiff commenced this action against Reginald, Park, and Winston, asserting three causes of action, two of which are relevant to this appeal. In the first cause of action, the plaintiff sought a judgment declaring that it is not bound by the judgment in the partition action, that Park holds a 50% interest in the property, and that the plaintiff's mortgage encumbers Park's interest. In its second cause of action, the plaintiff alternatively sought a judgment declaring that the plaintiff is the holder of an equitable lien against Reginald's interest in the property according to the terms and conditions of its mortgage. Reginald and Park did not appear in this action. Winston moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him. The plaintiff appeals from so much of an order dated June 12, 2014, as granted those branches of Winston's motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action insofar as asserted against him.

A motion to dismiss pursuant to CPLR 3211 (a) (1) may be granted if "documentary evidence utterly refutes [the] plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012] [citation and internal quotation marks omitted]). On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, a court "must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*id.* at 63 [internal quotation marks omitted]).

Here, the Supreme Court should have denied those branches of Winston's motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action insofar as asserted against him. While the default judgment in the partition action declared that the deed from Reginald to Park is void, the plaintiff is not bound by that judgment because the plaintiff was not a party in the partition action, or in privity with a party in the partition action (*see Buechel v Bain*, 97 NY2d 295, 303-305 [2001]; *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485-486 [1979]). Further, when a cotenant who has a partial interest in real property executes a deed that purports to convey full title to the property, the deed is not entirely void; rather, the deed is effective, but only to the extent of conveying the grantor's interest in the property (*see Lee v Wiegand*, 28 AD2d 560, 561 [1967]). Thus, since Reginald had a

50% interest in the subject property at the time he executed the deed that purported to convey full title of the property to Park, this deed effectively conveyed a 50% interest in the property to Park. Moreover, "[a] mortgage given by one of several parties with an interest in the mortgaged property is not invalid; it gives the mortgagee security, but only up to the interest of the mortgagor" (*Real Spec Ventures, LLC v Estate of Livingston Mandel Deans*, 87 AD3d 1000, 1002 [2011] [internal quotation marks omitted]; *see 1.2.3. Holding Corp. v Exeter Holding, Ltd.*, 72 AD3d 1040, 1042 [2010]; *Rose v Levine*, 107 AD3d 967, 971 [2013]). Thus, the mortgage given by Park to InterBay and later assigned to the plaintiff encumbers Park's 50% interest in the property. Accordingly, the documentary evidence does not utterly refute the plaintiff's factual allegations with respect to the first cause of action, and the first cause of action sufficiently states a cause of action for a judgment declaring that the plaintiff is not bound by the judgment in the partition action, that Park holds a 50% interest in the property, and that the plaintiff's mortgage encumbers Park's interest. The documentary evidence also does not utterly refute the plaintiff's factual allegations regarding the second cause of action, and the second cause of action sufficiently states a cause of action for a judgment declaring that the plaintiff is the holder of an equitable lien against Reginald's interest in the property according to the terms and conditions of its mortgage (*see M & B Joint Venture, Inc. v Laurus Master Fund, Ltd.*, 12 NY3d 798, 800 [2009]; *Fremont Inv. & Loan v Delsol*, 65 AD3d 1013, 1014 [2009]). Rivera, J.P., Dickerson, Cohen and Maltese, JJ., concur.