Wells Fargo Bank, N.A. v Rios (2018 NY Slip Op 02668)





Wells Fargo Bank, N.A. v Rios


2018 NY Slip Op 02668


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2015-10480
2015-10486
 (Index No. 15440/13)

[*1]Wells Fargo Bank, N.A., plaintiff-respondent, 
v
Edna Rios, defendant-respondent, Patrick Nurse, et al., appellants, et al., defendant (and a third-party action).


Butler, Fitzgerald, Fiveson & McCarthy, New York, NY (David K. Fiveson and Claudia G. Jaffe of counsel), for appellants.
Ackerman, Levine, Cullen, Brickman & Limmer, LLP, Great Neck, NY (Todd Harris Hesekiel, Benjamin S. Kaplan, and Woods Oviatt Gilman, LLP, of counsel), for plaintiff-respondent.
Richland & Falkowski, PLLC, Lindenhurst, NY (Daniel H. Richland of counsel), for defendant-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Patrick Nurse and Nationstar Mortgage, LLC, appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Arthur, M. Schack, J.), dated August 12, 2015, as granted those branches of the plaintiff's motion pursuant to CPLR 3211(b) which were to dismiss the first and seventh affirmative defenses asserted in their respective answers, and (2) from an order of the same court, also dated August 12, 2015, which granted the motion of the defendant Edna Rios pursuant to CPLR 3211(a)(7) to dismiss their respective cross claims for indemnification asserted against her.
ORDERED that the first order dated August 12, 2015, is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion pursuant to CPLR 3211(b) which were to dismiss the first and seventh affirmative defenses asserted in the appellants' respective answers are denied; and it is further,
ORDERED that the second order dated August 12, 2015, is reversed, on the law, and the motion of the defendant Edna Rios pursuant to CPLR 3211(a)(7) to dismiss the appellants' respective cross claims for indemnification asserted against her is denied, and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The plaintiff, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced this action to foreclose a mortgage executed by the defendant Edna Rios on January 10, 2008. The subject property had purportedly been conveyed to Rios by Joon Asset Mgmt. Corp. (hereinafter Joon), by deed dated January 7, 2008. Prior to the recording of the Wells Fargo mortgage, and the Rios deed on November 6, 2008, Patrick Mullings, as president of Joon, executed a deed dated September 10, 2008, conveying the property to the defendant Patrick Nurse, who then gave a mortgage on the property to Mortgage Electronic Registration Systems, Inc., as nominee for Golden First Mortgage. That mortgage was subsequently assigned to the defendant Nationstar Mortgage, LLC (hereinafter Nationstar).
Nurse and Nationstar (hereinafter together the appellants) answered the complaint and commenced a third-party action against Joon, Mullings, and others. In their respective answers, the appellants asserted as a first affirmative defense that they are a bona fide purchaser and encumbrancer for value and as a seventh affirmative defense that Wells Fargo's mortgage was void because Rios's deed was part of a fraudulent scheme. The appellants cross-claimed for indemnification against Rios, alleging that she conspired with the third-party defendants to commit fraud.
Wells Fargo subsequently moved pursuant to CPLR 3211(b) to dismiss certain affirmative defenses, and Rios moved to dismiss the cross claims against her. The appellants opposed the motions. In the orders appealed from, the Supreme Court granted Wells Fargo's motion and Rios's motion, respectively.
Pursuant to CPLR 3211(b), "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit." When moving to dismiss, the plaintiff bears the burden of demonstrating that the affirmative defenses "are without merit as a matter of law because they either do not apply under the factual circumstances of [the] case, or fail to state a defense" (Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 748 [internal quotation marks omitted]; see Bank of N.Y. v Penalver, 125 AD3d 796, 797). On a motion pursuant to CPLR 3211(b), the court should apply the same standard it applies to a motion to dismiss pursuant to CPLR 3211(a)(7), and the factual assertions of the defense will be accepted as true (see Bank of N.Y. v Penalver, 125 AD3d at 797; Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d at 748-749). Moreover, if there is any doubt as to the availability of a defense, it should not be dismissed (see Fireman's Fund Ins. Co. v Farrell, 57 AD3d 721, 723).
Here, the Supreme Court should not have granted those branches of Wells Fargo's motion which were to dismiss the appellants' first and seventh affirmative defenses, as it cannot be said at this point that those defenses were without merit (see Bank of N.Y. v Penalver, 125 AD3d at 797).
Contrary to the appellants' contention, Rios's motion was not barred by the single motion rule (see CPLR 3211[e]; see also CPLR 2001; cf. Oakley v County of Nassau, 127 AD3d [*2]946). On the facts alleged, however, the Supreme Court should not have granted Rios's motion to dismiss the appellants' cross claims for indemnification (see Dickinson v Igoni, 76 AD3d 943; CPLR 3211[a][7]).
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court