Bank of N.Y. v Penalver (2018 NY Slip Op 04521)





Bank of N.Y. v Penalver


2018 NY Slip Op 04521


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-05895
 (Index No. 100022/08)

[*1]Bank of New York, etc., respondent, 
v
Jean M. Penalver, et al., defendants, Joshua Nesbitt, appellant.


Joshua Nesbitt, Fort Washington, Maryland, appellant pro se.
Goetz Fitzpatrick LLP, New York, NY (Douglas Gross, Maxwell Rubin, and Brian Farkas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joshua Nesbitt appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated April 11, 2016. The order and judgment, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment dismissing the answer and first and third affirmative defenses of the defendant Joshua Nesbitt.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment dismissing the answer and first and third affirmative defenses of the defendant Joshua Nesbitt are denied, and, upon searching the record, the defendant Joshua Nesbitt is awarded summary judgment dismissing the cause of action to foreclose the subject mortgage insofar as asserted against him.
The plaintiff commenced this action to foreclose a mortgage (hereinafter the subject mortgage) allegedly given by the defendant Jean M. Penalver and the defendant Joshua Nesbitt (hereinafter the appellant). In his answer to the complaint, the appellant asserted, as first and third affirmative defenses, that he did not execute the power of attorney used by Penalver to sign the subject mortgage as the appellant's attorney-in-fact and that he never received any of the loan proceeds, respectively.
On a prior appeal, this Court affirmed an order and judgment (one paper) of the Supreme Court granting that branch of the plaintiff's motion which was for summary judgment declaring, inter alia, that the plaintiff has an equitable first mortgage on the subject property in the principal sum of $109,237.57, and further declaring that the plaintiff has an equitable first lien on the subject property in the principal sum of $30,179.48 (see Bank of N.Y. v Penalver, 125 AD3d 795).
The plaintiff subsequently moved, inter alia, for summary judgment dismissing the appellant's answer and first and third affirmative defenses, arguing that the affirmative defenses were academic. In the order and judgment appealed from, the Supreme Court granted those branches of the plaintiff's motion. The defendant Joshua Nesbitt appeals.
"On a motion for summary judgment dismissing an affirmative defense, the movant [*2]has the initial burden of demonstrating its prima facie entitlement to judgment as a matter of law" (US Bank N.A. v Weinman, 123 AD3d 1108; see Wells Fargo Bank, N.A. v Charlaff, 134 AD3d 1099; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909).
Contrary to the plaintiff's contention, the issue of whether it may foreclose on the appellant's half interest in the property under the terms and conditions of the subject mortgage, on this record, is not academic inasmuch as the plaintiff has not discontinued its cause of action to foreclose the subject mortgage (cf. CPLR 3217[b]; Providence Wash. Ins. Co. v Munoz, 85 AD3d 1142). Likewise, the first and third affirmative defenses, interposed in answer to the plaintiff's cause of action to foreclose the subject mortgage, were not without merit as a matter of law and the drastic remedy of dismissal of the appellant's answer was not warranted (see Bank of N.Y. v Penalver, 125 AD3d 796, 797). Given that this Court previously held that these defenses were viable and should not have been dismissed (see id.), the Supreme Court was bound to adhere to that determination by the doctrine of law of the case (see e.g. Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 101 AD3d 1034, 1036).
Upon our authority to search the record and award summary judgment to the nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (see CPLR 3212[b]), we award summary judgment to the appellant dismissing the cause of action to foreclose the subject mortgage insofar as asserted against him (see CPLR 3212[b]; Homecomings Fin., LLC v Guldi, 108 AD3d 506; see also John T. Walsh Enters., LLC v Jordan, 152 AD3d 755; Bayview Loan Servicing, LLC v White, 134 AD3d 755; ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d 801; CitiFinancial Co. [DE] v McKinney, 27 AD3d 224; Great E. Bank v Chang, 227 AD2d 589).
The appellant's remaining contentions are either barred by the law of the case doctrine or without merit.
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court