Matter of Blango (2018 NY Slip Op 07721)





Matter of Blango


2018 NY Slip Op 07721


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-09190
2018-05084

[*1]In the Matter of Annie Blango, etc., deceased. Esther Mimes, respondent, J & O Builders, LLC, appellant. (File No. 3443/16)


Korsinsky & Klein, LLP, Brooklyn, NY (Michael Korsinsky, Samuel Diamanstein, and Stuart R. Friedman of counsel), for appellant.
Leslie M. Gales-Brown, New York, NY, for respondent.



DECISION & ORDER
In a proceeding, inter alia, to set aside three deeds to certain real property, J & O Builders, LLC, appeals from (1) an order of the Surrogate's Court, Kings County (John G. Ingram, A.S.) dated June 7, 2017, and (2) a decree of the same court dated August 22, 2017. The order, insofar as appealed from, granted those branches of the petition which were to set aside the subject deeds and to determine that title to the subject property was vested in the Estate of Annie Blango, also known as Annie Melvin Blango, also known as Anna Blango, and denied that branch of the motion of J & O Builders, LLC, which was pursuant to CPLR 3211(a)(1) to dismiss so much of the proceeding as sought to set aside the deeds. The decree, insofar as appealed from, in effect, set aside the subject deeds, directed the City Register to strike the deeds from its records, and declared that title to the subject property was vested in the Estate of Annie Blango, also known as Annie Melvin Blango, also known as Anna Blango.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the decree is reversed insofar as appealed from, on the law, so much of the order as granted those branches of the petition which were to set aside the subject deeds and to determine that title to the subject property was vested in the Estate of Annie Blango, also known as Annie Melvin Blango, also known as Anna Blango, are vacated, and the matter is remitted to the Surrogate's Court, Kings County, for further proceedings consistent herewith and for the entry of
an amended decree thereafter; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the decree (see CPLR 5501[a][1]).
The decedent, Annie Blango, also known as Annie Melvin Blango, also known as Anna Blango, died intestate in 1996. In 2016, eight alleged distributees of the decedent executed two deeds purporting to convey, to the Expense Group Corp., certain real property owned by the decedent at the time of her death. Subsequently, by deed dated October 11, 2016, the Expense Group [*2]Corp., conveyed its interest in the property to the appellant, J & O Builders, LLC.
The petitioner, Esther Mimes, in her representative capacity as the administrator of the decedent's estate, commenced this proceeding, inter alia, to set aside the three deeds. The appellant moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss that portion of the proceeding. By order dated June 7, 2017, the Surrogate's Court granted those branches of the petition which were to set aside the subject deeds and to determine that title to the subject property was vested in the decedent's estate and denied that branch of the appellant's motion which was to dismiss so much of the proceeding as sought to set aside the deeds. On August 22, 2017, the Surrogate's Court issued a decree to that effect and directed the City Register to strike the subject deeds from its records.
The Surrogate's Court should not have granted those branches of the petition which sought to set aside the subject deeds and to determine that title to the subject property was vested in the decedent's estate. When the decedent died intestate, title to the subject property automatically vested in her distributees as tenants in common (see Kraker v Roll, 100 AD2d 424, 429). "[W]hen a cotenant who has a partial interest in real property executes a deed that purports to convey full title to the property, the deed is not entirely void; rather, the deed is effective, but only to the extent of conveying the grantor's interest in the property" (Bayview Loan Servicing, LLC v White, 134 AD3d 755, 756; see Real Property Law § 256; Lee v Wiegand, 28 AD2d 560, 561).
Thus, to the extent that the Expense Group Corp.'s grantors were actually the decedent's distributees and the deeds were properly executed by them, the deeds would validly convey those distributees' interests in the property. The deeds, therefore, should not have been set aside. However, inasmuch as the appellant did not conclusively demonstrate these facts, it was not entitled to dismissal of the proceeding. We therefore remit the matter to the Surrogate's Court, Kings County, for a new determination of those branches of the petition which were to set aside the subject deeds and to determine that title to the subject property was vested in the decedent's estate and for the entry of an amended decree thereafter.
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court