Carver Fed. Sav. Bank v Baptiste (2020 NY Slip Op 01043)





Carver Fed. Sav. Bank v Baptiste


2020 NY Slip Op 01043


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-05015
 (Index No. 19672/11)

[*1]Carver Federal Savings Bank, appellant, 
v
Melady Jean Baptiste, etc., et al., defendants, Maryse Jean Baptiste, etc., respondent.


Dorf & Nelson LLP, Rye, NY (Jonathan B. Nelson of counsel), for appellant.
Mitchel B. Craner, New York, NY (Belinda Luu of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage and to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 6, 2017. The order denied the plaintiff's motion for summary judgment on the amended complaint insofar as asserted against the defendant Maryse Jean Baptiste.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the cause of action for equitable subrogation in the amount of $461,127, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
Since 1991, the defendant Maryse Jean Baptiste (hereinafter Maryse) and her sister, the defendant Melady Jean Baptiste (hereinafter Melady), have each owned a 50% share in certain real property located in Brooklyn. In July 2006, allegedly without Maryse's knowledge, Melady borrowed the sum of $500,000 from the plaintiff, secured by a mortgage on the subject property. A substantial portion of the money borrowed was used to satisfy a prior note and mortgage secured by Maryse and Melady from another lender in 2005. Melady signed the mortgage and note with the plaintiff based upon a durable general statutory short form power of attorney purportedly granted by Maryse, appointing Melady to act as her attorney-in-fact for certain matters, including "real estate transactions" and "banking transactions." Maryse's signature on the power of attorney was duly acknowledged by a licensed notary public.
When Maryse and Melady failed to make payments on the mortgage loan on January 1, 2011, and thereafter, the plaintiff commenced this foreclosure action. Maryse contended that her signatures on the power of attorney and the loan documents had been forged. By order dated March 5, 2014, the Supreme Court (Donald Scott Kurtz, J.) denied the plaintiff's initial motion for summary judgment on the complaint insofar as asserted against Maryse, concluding that Maryse raised issues of fact with respect to the validity of the mortgage, note, and power of attorney.
Thereafter, the parties engaged in discovery, including document production and depositions of Maryse and Melady. In September 2014, the plaintiff served an amended complaint adding a cause of action for equitable subrogation. In June 17, 2015, the plaintiff was granted leave [*2]to enter a default judgment against, among others, Melady. In September 2016, the plaintiff moved for summary judgment on the amended complaint insofar as asserted against Maryse. In the order appealed from, the Supreme Court (Lawrence Knipel, J.) denied the motion on the ground that it was previously denied. The plaintiff appeals.
That branch of the plaintiff's motion which was for summary judgment on the cause of action for equitable subrogation was not a successive motion for summary judgment. That cause of action was added in an amended complaint served after the prior motion for summary judgment was denied, and the plaintiff had not previously moved for summary judgment on that cause of action.
The plaintiff established its prima facie entitlement to judgment as a matter of law on its cause of action for equitable subrogation by submitting evidence that $461,127 of the proceeds of the subject loan were used to satisfy a prior note and mortgage for which Maryse was responsible (see Wells Fargo Bank, N.A. v Dalfin, 169 AD3d 970, 972; Citimortgage, Inc. v Chouen, 154 AD3d 914; Bank of N.Y. v Penalver, 125 AD3d 795; Great E. Bank v Chang, 227 AD2d 589). In opposition, Maryse failed to raise a triable issue of fact as to whether the plaintiff actively engaged in any fraud, had actual notice of any fraud, or had unclean hands (see Wells Fargo Bank, N.A. v Dalfin, 169 AD3d at 972; Lucia v Goldman, 145 AD3d 767, 769).
Accordingly, the Supreme Court, despite Maryse's claims of forgery, should have granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for equitable subrogation in the amount of $461,127.
The plaintiff's remaining contentions are without merit.
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court