Belli v Paul Belli, LLC (2022 NY Slip Op 02973)

Belli v Paul Belli, LLC

2022 NY Slip Op 02973

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2018-13639
 (Index No. 9443/15)

[*1]Mark Belli, appellant,
v
Paul Belli, LLC, et al., respondents.

Mark Belli, Brooklyn, NY, appellant pro se.
Law Offices of Edmond R. Shinn, Esq., Ltd., Bronx, NY (Terrence J. O'Connor of counsel), for respondent Paul Belli, LLC.
Rossi Crowley Sancimino & Kilgannon, LLP, Douglaston, NY (Thomas J. Rossi and Sally Sancimino of counsel), for respondent Signature Bank.

DECISION & ORDER
In an action for the partition and sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated September 4, 2018. The order, insofar as appealed from, (1) granted the motion of the defendant Paul Belli, LLC, for summary judgment dismissing the complaint insofar as asserted against it and declaring that it was the sole fee owner of 466 76th Street, Brooklyn, New York, and (2), in effect, upon searching the record, awarded summary judgment to New York Community Bank, the predecessor in interest of the defendant Signature Bank, dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On July 28, 2015, the plaintiff, Mark Belli, commenced this action seeking the partition and sale of real property located at 466 76th Street in Brooklyn (hereinafter the subject property), claiming that he owned a 12.5% interest in the subject property and that the defendant Paul Belli, LLC (hereinafter the LLC), a limited liability company of which his brother Paul Belli (hereinafter Paul) was the sole member, owned an 87.5% interest in the subject property. The LLC interposed an answer and asserted counterclaims, inter alia, to quiet title, contending that the plaintiff had transferred his interest in the property to Paul, who then transferred his interest to the LLC, or
alternatively, that the LLC had acquired title to the property by adverse possession. The defendant Signature Bank's predecessor in interest—New York Community Bank (hereinafter NYCB)—to which the LLC had given a mortgage on the property, intervened in the action.
The LLC moved for summary judgment dismissing the complaint insofar as asserted against it and declaring that it was the sole fee owner of the subject property. In the order appealed from, dated September 4, 2018, the Supreme Court, among other things, granted the LLC's motion and, in effect, upon searching the record, awarded NYCB summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals. By decision and order on motion of this Court dated November 2, 2020, Signature Bank was substituted for the respondent New York Community Bank, and the caption was amended accordingly.
The LLC demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it and declaring that it is the sole fee owner of the subject property. The LLC established, prima facie, that the plaintiff executed a deed conveying his interest in the subject property to Paul, who subsequently conveyed the property to the LLC. While the plaintiff refused to affirmatively acknowledge at his deposition that the signature on the deed was, in fact, his, he also did not affirmatively deny having signed the deed, and admitted at his deposition that he had agreed to a deal which involved transferring the property to Paul. Further, the LLC submitted the affidavit and accompanying report of a forensic document examiner, who, upon comparing the signature on the deed to 16 samples known to contain the plaintiff's signature, concluded that it was "virtually certain" that the plaintiff signed the deed. In opposition, the plaintiff failed to raise a triable issue of fact as to the authenticity of his signature on the deed.
In any event, the LLC alternatively demonstrated its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it and declaring it to be the sole fee owner of the subject property on the basis of adverse possession. Where, as here, parties hold property as tenants in common, occupancy by one tenant is presumed to be "possession by and for the benefit of all other cotenants," unless the possessing tenant commits acts constituting ouster, at which point, that tenant may commence to hold adversely to the cotenants (Myers v Bartholomew, 91 NY2d 630, 633; see RPAPL 541). Such ouster can be "actual," where a cotenant "expressly communicate[s] an intention to exclude or to deny the rights of cotenants," or, "in cases where the acts of the possessing cotenant are so openly hostile that the nonpossessing cotenants can be presumed to know that the property is being adversely possessed against them," ouster can be implied (Myers v Bartholomew, 91 NY2d at 633). "Title by adverse possession is acquired when possession is hostile and under claim of right, actual, open and notorious, exclusive, and continuous for the statutory period of 10 years after ouster" (Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 749).
Here, in addition to making a prima facie showing as to the foregoing elements of adverse possession, the LLC demonstrated, prima facie, acts constituting ouster, occurring more than 10 years prior to the commencement of this action. Indeed, the plaintiff acknowledged at his deposition that by March 2004, he understood that Paul had taken "possession of [the plaintiff's] interest" in the subject property, "got the deed . . . put into his name," and "owned" the property, actions which he believed at that time to be "illegal." The plaintiff also admitted that he did not receive any rental income from the property after Paul "[t]ook title." In opposition to the LLC's
prima facie showing on its adverse possession counterclaim, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
BARROS, J.P., IANNACCI, CHAMBERS and DOWLING, JJ., concur.

2018-13639 DECISION & ORDER ON MOTION
Mark Belli, appellant,
v Paul Belli, LLC, et al., respondents.
(Index No. 9443/15)

Motion by the respondent Paul Belli, LLC, to dismiss an appeal from an order of the Supreme Court, Kings County, dated September 4, 2018, on the ground that the appellant's brief and the appellant's reply brief improperly raise issues for the first time on appeal and the appellant has abandoned arguments raised in opposition to the underlying motions, which were determined by the order dated September 4, 2018, or, in the alternative, to strike Point 1 of the appellant's brief and Point 1 of the appellant's reply brief. By decision and order on motion of this Court dated May 26, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted to the extent that those portions of Point 1 of the appellant's brief and Point 1 of the appellant's reply brief pertaining to the delivery of the deed are stricken, those portions of the briefs have not been considered in the determination of the appeal, and the motion is otherwise denied.
BARROS, J.P., IANNACCI, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court