Ramjohn v Major Dev. 52 Corp. (2024 NY Slip Op 01616)

Ramjohn v Major Dev. 52 Corp.

2024 NY Slip Op 01616

Decided on March 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2024

Before: Oing, J.P., Kapnick, Shulman, Rodriguez, O'Neill Levy, JJ. 

Index No. 803552/21 Appeal No. 1904-1905 Case No. 2022-04075 2023-02611 

[*1]Wayne Ramjohn, Plaintiff-Appellant,
v
Major Development 52 Corp., Defendant-Respondent, Sharestates Investments LLC, et al., Defendants. 

The Linden Law Group, P.C., New York (Jeffrey Benjamin of counsel), for appellant.
Solomon & Siris, P.C., Garden City (Bill Tsevis of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered August 16, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Major Development 52 Corp.'s (MDC) motion for summary judgment dismissing the complaint against it, and denied plaintiff's cross-motion for summary judgment against MDC and defendant 47-09 98th St Inc. (98th St), unanimously affirmed, with costs. Order, same court and Justice, entered April 20, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to reargue his motion for a default judgment against 98th St and, upon reargument, denied the motion for a default judgment, unanimously affirmed, with costs.
Defendant MDC established that plaintiff was equitably estopped from contesting its interest in the subject property (see Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 750 [2d Dept 2010]), and that it justifiably relied on plaintiff's inaction and the bankruptcy court's finding that plaintiff had no interest in the property before it proceeded with the purchase of the property (see Pastreich v Pastreich, 176 AD3d 449, 450 [1st Dept 2019]).
MDC contracted to purchase the property through a foreclosure auction held September 11, 2017. Plaintiff became aware of MDC's anticipated purchase of the property no later than January 31, 2019. On that date, the foreclosing nonparty entities first sought to vacate an automatic stay imposed by plaintiff's pending bankruptcy proceeding in order to allow the property's sale to MDC. Plaintiff never objected to: the bankruptcy trustee's October 31, 2019 notice of intent to abandon the bankruptcy estate's rights in plaintiff's properties; the foreclosing entities' subsequent motion to vacate the stay; the bankruptcy court's February 25, 2020 order granting the motion; or that court's finding that plaintiff had no interest in the property. Nor did plaintiff otherwise object at any point before MDC purchased the property on July 31, 2020.
Plaintiff's argument that his attorney's knowledge of the bankruptcy proceedings should not have been imputed on him is unavailing (see Wilmington Trust v MC-Five Mile Commercial Mtge. Fin. LLC, 171 AD3d 591, 591 [1st Dept 2019]; see also Center v Hampton Affiliates, 66 NY2d 782, 784 [1985]).
Accordingly, MDC was entitled to summary judgment dismissing the complaint against it, even assuming, arguendo, that plaintiff established that the 2011 deed purporting to transfer title from him to defendant 98th St, through which MDC ultimately obtained title, was forged.
In any event, plaintiff did not raise a question of fact that the 2011 deed, which was acknowledged by a notary, was forged. His affidavit denying that he signed the deed and his invitation to compare the signature on the deed against his signature on his affidavit filed in conjunction with his motion do not, without more, present clear and convincing evidence sufficient to raise a question of fact as to whether [*2]the acknowledged deed was forged (see Seaboard Sur. Co. v Earthline Corp., 262 AD2d 253, 253 [1st Dept 1999]).
The court properly denied plaintiff's motion for a default judgment against 98th St, as plaintiff did not present proof sufficient to overcome the presumption that the deed to 98th St was duly executed, rendering plaintiff's forgery claim not viable (see Bigio v Gooding, 213 AD3d 480, 481 [1st Dept 2023]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2024