Rizzo v Romero (2024 NY Slip Op 01999)

Rizzo v Romero

2024 NY Slip Op 01999

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Oing, J.P., Friedman, Kapnick, Scarpulla, Pitt-Burke, JJ. 

Index No. 800944/22 Appeal No. 2020 Case No. 2023-04922 

[*1]Dorian Rizzo, etc., et al., Plaintiffs-Appellants,
v
Gerardo Romero et al., Defendants-Respondents.

Ginsburg & Misk LLP, Queens Village (Christopher Ryan Clarke of counsel), for appellants.
Herrick, Feinstein LLP, New York (Arthur G. Jakoby of counsel), for respondents.

Order, Supreme Court, Bronx County (Leticia M. Ramirez, J.), entered October 2, 2023, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1), (5), and (7), and denied plaintiffs' cross-motion to amend the complaint, unanimously reversed, on the law, without costs, the motion to dismiss denied, and the cross-motion for leave to amend the complaint granted.
Supreme Court properly based the accrual timing of defendants Gerardo Romero and Nelly Chang-Romero's adverse possession as having been triggered by the ouster of plaintiffs due to the 1999 Argentino deed (see Kraker v Roll, 100 AD2d 424, 434 [2d Dept 1984]; see also Sweetland v Buell, 164 NY 541, 551 [1900]). Plaintiffs' reliance on Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC (78 AD3d 746 [2d Dept 2010]) is misplaced, because in that case "[t]he mere recording of a deed, without any change in possession" did not constitute ouster (id. at 749).
However, defendants failed to establish as a matter of law the "claim of right" element of their adverse possession of the subject property (see RPAPL 501[3]). Pursuant to 2008 legislative amendments, RPAPL 501(3) provides that "[a] claim of right means a reasonable basis for the belief that the property belongs to the adverse possessor." Defendants fail to connect their reliance on pre-2008 law, basing adverse possession on color of title, with the post-2008 "reasonable basis" statutory requirement. As such, the court should have denied defendants' motion to dismiss based on their failure to even assert they had such a reasonable basis.
Defendants' alternative argument that plaintiffs' claim is precluded based on laches is also unavailing. "Where an owner knows of a defect in title and fails to address it, laches does not apply unless the facts are sufficient to constitute equitable estoppel" (Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 749-750). Here, on this pre-answer motion to dismiss, defendants fail to demonstrate that plaintiffs knew or should have known of the deeds purporting to transfer their interests (see id. at 750).
Given that defendants have not established the legal insufficiency of plaintiffs' complaint, plaintiffs' cross-motion for leave to amend the complaint to assert claims for rental income should be granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024