U.S. Bank Trust, N.A. v Prieto (2026 NY Slip Op 01551)

U.S. Bank Trust, N.A. v Prieto

2026 NY Slip Op 01551

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-06392
 (Index No. 723037/22)

[*1]U.S. Bank Trust, N.A., appellant, 
vOscar A. Prieto, etc., et al., defendants, Dane Gayle, sued herein as "John Doe," respondent.

Day Pitney LLP, New York, NY (Christina A. Livorsi and Catherine Welker of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated January 5, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendant Dane Gayle, sued herein as "John Doe," which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In November 2006, Carl E. Creque (hereinafter the borrower) executed a consolidated note in favor of Household Finance Realty Corporation of New York (hereinafter the lender). The consolidated note was secured by a consolidated mortgage encumbering certain real property located in Jamaica. In April 2008, the lender commenced an action against the borrower, among others, to foreclose the mortgage, in which the lender elected to call due the entire amount secured by the mortgage, thereby accelerating the mortgage debt (hereinafter the 2008 action). In September 2013, the lender voluntarily discontinued the 2008 action. In June 2014, the mortgage was assigned to the plaintiff, U.S. Bank Trust, N.A.
In 2007, the borrower died intestate, survived by his wife and children. Thereafter, two of the borrower's children, Evan Creque and Eden Creque, purported to convey the "entire lot" of the mortgaged property, as the "sole heirs at law and next of kin" of the borrower to 11772 Marsden Properties, Inc. (hereinafter Marsden Properties), pursuant to a deed recorded and filed with the Office of the City Register in June 2018. Subsequently, Marsden Properties purported to convey its interest in the mortgaged property to Dane Gayle by deed recorded and filed with the Office of the City Register in January 2021.
In November 2022, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant "John Doe," representing those unnamed parties claiming an interest in the mortgaged property, with the filing of a summons and complaint (hereinafter the instant action). In May 2023, Gayle, as a "John Doe" defendant, moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. The plaintiff opposed the motion. In an order dated January 5, 2024, the Supreme Court, among other things, [*2]granted that branch of Gayle's motion. The plaintiff appeals.
Contrary to the plaintiff's contention, Gayle had standing to challenge the timeliness of the instant action. Pursuant to RPAPL 1311(1), "necessary defendants" in a mortgage foreclosure action include, among others, "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein." "Where a property owner dies intestate, title to real property is automatically vested in his or her distributees" (U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 747; see Matter of Blango, 166 AD3d 767, 768). Moreover, "when a cotenant who has a partial interest in real property executes a deed that purports to convey full title to the property, the deed is not entirely void; rather, the deed is effective, but only to the extent of conveying the grantor's interest in the property" (Bayview Loan Servicing, LLC v White, 134 AD3d 755, 756; see Matter of Blango, 166 AD3d at 768).
Here, the documentation relating to the proceedings in the Surrogate's Court regarding the borrower having died intestate demonstrated that Evan Creque and Eden Creque were among the distributees of the borrower's estate. Accordingly, Gayle sufficiently demonstrated that, at the time the instant action was commenced, he had a partial ownership interest in the mortgaged property, namely, that interest which Evan Creque and Eden Creque possessed before they conveyed it to Marsden Properties (see EPTL 4-1.1[a][1], as amended by L 1992, ch 595, § 8 [eff Sept. 1, 1992 to Oct. 28, 2019]; Matter of Blango, 166 AD3d at 768-769; Bayview Loan Servicing, LLC v White, 134 AD3d at 756). Thus, Gayle had standing to contest the timeliness of the instant action (see U.S. Bank N.A. v 32-49 107 St., Inc., 219 AD3d 777, 777; Bank of N.Y. Mellon v Conforti, 209 AD3d 942, 945).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d 899, 900). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d at 900 [internal quotation marks omitted]). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage" (97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1041 [internal quotation marks omitted]).
Here, Gayle established that the six-year statute of limitations began to run in April 2008 when the lender commenced the 2008 action and elected in the complaint to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d at 900). Since the plaintiff did not commence the instant action until November 2022, more than six years later, Gayle established, prima facie, that the instant action was time-barred (see CPLR 213[4]; Citimortgage, Inc. v Ford, 186 AD3d 1609, 1609-1610).
In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable (see Citimortgage, Inc. v Ford, 186 AD3d at 1610). The plaintiff's contention that the lender's voluntary discontinuance of the 2008 action served to revoke the acceleration and reset the statute of limitations is without merit. The Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]) "amended CPLR 3217, governing the voluntary discontinuance of an action, by adding a new paragraph (e), which provides that '[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute'" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 917, quoting CPLR 3217[e]).
Moreover, contrary to the plaintiff's contentions, FAPA was intended to be applied retroactively (see FV-1, Inc. v Palaguachi, 234 AD3d 818, 821-822), and the retroactive application does not violate due process, the Contract Clause of the United States Constitution, or the Takings [*3]Clause of the United States Constitution (see id. at 822; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1069-1071).
Accordingly, the Supreme Court properly granted that branch of Gayle's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court