Wilmington Sav. Fund Socy., FSB v Fernandez (2019 NY Slip Op 08290)





Wilmington Sav. Fund Socy., FSB v Fernandez


2019 NY Slip Op 08290


Decided on November 15, 2019


Appellate Division, Fourth Department


Carni, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, TROUTMAN, AND WINSLOW, JJ.


829 CA 19-00573

[*1]WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR HILLDALE TRUST, PLAINTIFF-RESPONDENT,
v
JULIAN M. FERNANDEZ, ALSO KNOWN AS JULIAN MARTIN FERNANDEZ, DEFENDANT-APPELLANT. 






JULIAN M. FERNANDEZ, DEFENDANT-APPELLANT PRO SE. 
FRIEDMAN VARTOLO LLP, NEW YORK CITY (ZACHARY GOLD OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


Carni
 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered November 21, 2018. The order, among other things, granted plaintiff's motion for leave to reargue its opposition to defendant's motion to dismiss the complaint and, upon reargument, reversed its prior decision and denied defendant's motion to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Opinion by Carni, J.:
On August 17, 2007, defendant executed a note in favor of a lender in the amount of $94,400 plus interest, payable in successive monthly installments with the final payment to be made on January 4, 2031. Defendant secured payment of the note with a mortgage encumbering certain real property. On December 8, 2009, defendant filed a petition for chapter 7 bankruptcy in Bankruptcy Court. Defendant received a discharge in bankruptcy on March 15, 2010, and obtained a final bankruptcy decree on April 1, 2010. On May 26, 2017, plaintiff, the successor to the lender, sent defendant notice that he was in default and that defendant had 90 days to cure the default. After receiving no payment during the following 90 days, plaintiff accelerated the remaining balance due under the note and, on November 1, 2017, plaintiff commenced an action seeking to foreclose on the mortgage. In his answer, defendant raised, inter alia, the statute of limitations as an affirmative defense.
Defendant thereafter moved to dismiss the complaint pursuant to CPLR 213 (4) and 3211 (a) (5). Supreme Court initially granted defendant's motion, reasoning that defendant's March 15, 2010 discharge in bankruptcy triggered the six-year statute of limitations (see CPLR 213 [4]), and that plaintiff failed to commence its foreclosure action within that period. Plaintiff then moved for leave to reargue, and defendant cross-moved to quiet title. The court granted plaintiff's motion for leave to reargue, and ultimately held that defendant's discharge in bankruptcy did not extinguish plaintiff's right to commence an in rem foreclosure proceeding against defendant, that the statute of limitations began to run from the date each unpaid installment became due unless plaintiff accelerated the debt, and that plaintiff's action was therefore timely because the debt had not been accelerated prior to 2017. Thus, on reargument, the court reversed its prior determination, denied defendant's motion to dismiss the complaint, reinstated the complaint, and denied defendant's cross motion to quiet title. We affirm.
"With respect to a mortgage payable in installments, separate causes of action accrue[] for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due" (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982 [2d Dept 2012]; [*2]see Ditech Fin., LLC v Corbett, 166 AD3d 1568, 1568 [4th Dept 2018]). Nevertheless, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605 [2d Dept 2001]; see Ditech Fin., LLC, 166 AD3d at 1568). "Where the acceleration . . . is made optional with the holder of the note and mortgage, some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation" (Wells Fargo Bank, N.A., 94 AD3d at 982-983). Here, the mortgage provided plaintiff the option to accelerate the debt under certain circumstances, but did not state that the debt would be automatically accelerated if defendant obtained a discharge in bankruptcy.
We reject defendant's contention that the discharge in bankruptcy automatically accelerated the debt and thus triggered the statute of limitations with respect to the entire debt. In the event of a default, a creditor in an action for a mortgage foreclosure is entitled to pursue both an action against a debtor for in personam liability against the debtor's assets, or for in rem liability seeking foreclosure of the specific real property that secured the creditor's right to repayment (see Johnson v Home State Bank, 501 US 78, 82 [1991]). Thus, a "defaulting debtor can protect himself [or herself] from personal liability by obtaining a discharge in a Chapter 7 liquidation" (id.), but "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy" (id. at 83). "[A] bankruptcy discharge extinguishes only one mode of enforcing a claim — namely, an action against the debtor in personam — while leaving intact another — namely, an action against the debtor in rem" (id. at 84; see Citimortgage, Inc. v Chouen, 154 AD3d 914, 916 [2d Dept 2017]; McArdle v McGregor, 261 AD2d 591, 592 [2d Dept 1999]). "[E]ven after the debtor's personal obligations have been extinguished [by chapter 7 discharge], the mortgage holder still retains a right to payment in the form of its right to the proceeds from the sale of the debtor's property," and a bankruptcy proceeding does not "impair [the mortgage holder's] right to commence an action against [the debtor] in rem to seek payment from the proceeds of a foreclosure sale" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 63 [2d Dept 2015] [internal quotation marks omitted]). In other words, as established by the above, chapter 7 discharge removes the "mode of enforc[ement]" against the debtor in personam, but the obligation otherwise remains intact and does not impact an action in rem (Johnson, 501 US at 84).
Although this Court has not previously addressed the specific impact a discharge in bankruptcy has on the ability to commence a foreclosure proceeding over six years after a discharge in bankruptcy, the application of the above rules regarding the survival of in rem actions suggests that, absent terms in the mortgage to the contrary, a discharge in bankruptcy does not automatically accelerate the debt and that the terms of the mortgage survive bankruptcy. Because the terms of the mortgage survive, causes of action would thus continue to accrue with respect to each installment payment as the payments become due, although a note holder would only be able to commence an action in rem. Other jurisdictions have reached a similar conclusion (see generally Can Fin., LLC v Krazmien, 253 So 3d 8, 10-12 [Fla Dist Ct App 2018]; McIntosh v Federal Natl. Mtge. Assn., 2016 WL 4083434, *4-5 [SD NY, July 25, 2016, No. 15 CV 8073 (VB)]; Alvarez v Bank of Am. Corp., 2015 WL 12670510, *2-4 [SD Fla, Apr. 17, 2015, No. 14-CV-60009-KAM]; Kabler v HSBC Bank USA, N.A., 2018 WL 1384551, *4-6 [Kan Dist Ct 2018]). Thus, contrary to defendant's contention, we conclude that the discharge in bankruptcy did not automatically accelerate the debt, plaintiff's complaint is not time-barred because separate causes of action accrued for each installment payment that was not made, and therefore, upon reargument, the court properly denied defendant's motion to dismiss the complaint. For the same reasons, the court also properly denied defendant's cross motion seeking to quiet title.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court